**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased,<br><br>     Plaintiff,<br><br>v.<br><br>HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO.,<br><br>     Defendants. | Case No. 1:22-cv-02985 |

<u>**NOTICE OF REMOVAL**</u>

**PLEASE TAKE NOTICE** that the Defendant, Pepsi Logistics Company, Inc., ("PLCI"), with the consent of the other defendants, Harjeet Singh ("Singh"), Akal Transit, LLC ("Akal"), Ocean Spray International, Inc. ("Ocean Spray"), and The Kroger Co. ("Kroger"), removes the above-captioned action from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 and 1446, and in support thereof states:

1.  <u>**The Action.**</u> On October 25, 2021, Plaintiff filed a Complaint in the Circuit Court of Lake County, Illinois, bearing the caption *Sandra Grabnik, as Independent Administrator of the Estate of Robert A. Grabnik, deceased v. Harjeet Singh and Akal Transit, LLC*, Case No. 21 L 00000780.

2.  On or about February 1, 2022, Plaintiff filed a Second Amended Complaint asserting claims for damages arising out of a vehicular accident that occurred on September 6,

2021 (the "Accident") in Zion, Illinois, resulting in alleged injuries and the death of Decedent Grabnik. A copy of the Second Amended Complaint is attached as **Exhibit A.** The Second Amended Complaint seeks various claims for wrongful death and for survival. *Id*. The Second Amended Complaint added the Defendants, PLCI, Ocean Spray, and Kroger, as new parties.

3.      PLCI's counsel agreed to accept service of the Alias Summons and Second Amended Complaint on behalf of PLCI. On May 23, 2022, plaintiff served PLCI with copies of the Alias Summons and Second Amended Complaint. A copy of the Alias Summons is attached as **Exhibit B**. On May 25, 2022, Plaintiff filed a Notice of Filing and Waiver of Service of Alias Summons and Second Amended Complaint at Law on behalf of Pepsi Logistics, Company, Inc. ("Waiver of Service"). A copy of the Waiver of Service is attached as **Exhibit C**.

4.      Defendants have not been served with any process, pleadings or orders in this action, and no other process, pleadings or orders have been filed in this action other than the documents attached hereto as **Exhibit D as the State Court File**.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3), in that thirty (30) days have not expired since May 23, 2022, the date on which the defendant PLCI was served with a copy of the Alias Summons and Second Amended Complaint, and within one year of the commencement of the original action.

6.      **Statutory Grounds for Removal.** 28 U.S.C. § 1441(a) provides the following:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Jurisdiction exists in a removal action if the case might have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7.     **Diversity Jurisdiction Under 28 U.S.C. § 1332.**  This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. § 1332, which provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
> (1) citizens of different States …

28 U.S.C. § 1332(a).

8.     **Amount In Controversy**. On its face, Plaintiff's Second Amended Complaint admits the matter exceeds the jurisdiction threshold of $50,000.00 for Illinois state court Law Division Actions. See Plaintiff's Counsel's Illinois Supreme Court Rule 222 Affidavit of Damages attached as **Exhibit E.**

9.     Illinois state practice does not permit demand for a specific sum[1]. However, Plaintiff's Second Amended Complaint has various claims based on the death of the Decedent for damages based on survival and wrongful death. Plaintiff alleges the Decedent suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, and lacerations to head and chin. *Second Am. Compl.*, Count IV, ¶ 1. Further, Plaintiff alleges the Decedent died from his injuries on October 28, 2021. *Id.* at Count I, ¶ 10.

10.     Based upon the nature of the allegations in the Second Amended Complaint, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11.     **Diversity of Citizenship Between Plaintiff and Defendants.** Plaintiff and the decedent are citizens of Winthrop Harbor, Illinois. *See* Decedent's Death Certificate attached hereto as **Exhibit F**. The decedent's estate was also opened in Lake County, Illinois. *See* **Exhibit D-15,** Plaintiff's Motion To Spread Death of Record.

---

[1] 735 ILCS 5/2-604.

12.     Defendant Singh is an adult citizen of Kenosha, Wisconsin. *See* Defendant Harjeet Singh's Consent To Removal attached hereto as **Exhibit G**.

13.     For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. *CCC Information Services, Inc. v. American Salvage Pool Association*, 230 F.3d 342 (7th Cir. 2000).

14.     Defendant PLCI is a Delaware corporation having its principal place of business in Plano, Texas[2]. Accordingly, PLCI is a citizen of the States of Delaware and Texas.

15.     Defendant The Kroger Co. is an Ohio corporation having its principal place of business in Cincinnati, Ohio. Accordingly, The Kroger Co. is a citizen of the State of Ohio. *See* Defendant The Kroger Co.'s Consent to Removal attached hereto as **Exhibit I.**

16.     Defendant Ocean Spray Cranberries, Inc., incorrectly named as Ocean Spray International, Inc., is a Delaware corporation having its principal place of business in Middleborough, Massachusetts. Accordingly, Ocean Spray Cranberries, Inc., incorrectly named as Ocean Spray International, Inc., is a citizen of the States of Delaware and Massachusetts. *See* Defendant Ocean Spray Cranberries, Inc.'s Consent to Removal attached hereto as **Exhibit J.**

17.     For purposes of diversity of citizenship, limited liability companies are citizens of each state in which any of its members are citizens. *Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

18.     Defendant Akal Transit, LLC is a Wisconsin limited liability company having its principal place of business in Kenosha, Wisconsin. Akal Transit, LLC's sole member, Jasbir Singh, is an adult citizen of Kenosha, Wisconsin. *See* Defendant Akal Transit, LLC's Consent to Removal attached hereto as **Exhibit K.**

---

[2] See print out from the Federal Motor Carrier Safety Administration's SAFER listing, attached hereto as **Exhibit H.**

Case: 1:22-cv-02985 Document #: 1 Filed: 06/07/22 Page 5 of 6 PageID #:5

19.    **Consent to Removal.**  All of the Defendants have consented to the removal of this case. See **Exhibits G, I, J, and K**.

20.    **Notice of Removal to Adverse Parties and to State Court Clerk.**  Pursuant to 28 U.S.C. § 1446(d), Defendant PLCI simultaneously gives written notice of this removal to Plaintiff and to the Clerk of the Circuit Court of Lake County, Illinois.

21.    **No Waiver.**  By filing this Notice of Removal, Defendant PLCI does not waive any defenses available to it.

22.    This court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between individuals, corporations, and a limited liability company deemed citizens of different states.

Defendant, PLCI, respectfully requests that this case be removed from the Lake County Circuit Court of Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Date: June 7, 2022                               Respectfully submitted,

                                                  **PEPSI LOGISTICS COMPANY, INC.**

                                                  By: _/s/ Michael D. Reed_

Michael D. Reed / ARDC #6313795
**SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**
30 West Monroe Street, Suite 1600
Chicago, Illinois 60603
Telephone: 312-255-7200
Facsimile: 312-422-1224
mreed@scopelitis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2022, a true and correct copy of the foregoing **Notice of Removal** was filed using the Court's *CM/ECF Electronic Filing System* and served electronically on the following parties of record at their respective e-mail addresses.

| | |
|---|---|
| Sean P. Murray<br>Bradley N. Pollock<br>TAXMAN, POLLOCK, MURRAY &<br>BEKKERMAN, LLC<br>225 W. Wacker Drive, Suite 1650<br>Chicago, IL 60606<br>smurray@tpmblegal.com<br>bpollock@tpmblegal.com<br><br>*Attorneys for Plaintiff* | Kimberlee Massin<br>Wade Shimer<br>BEST, VANDERLAAN & HARRINGTON<br>25 E. Washington Street, Suite 800<br>Chicago, Illinois 60602<br>kmassin@bestfirm.com<br>mramos@bestfirm.com<br>wshimer@bestfirm.com<br>eservice@bestfirm.com<br><br>*Attorneys for Ocean Spray* |
| Juan Anderson<br>KOPKA PINKUS DOLIN PC<br>200 West Adams, Suite 1200<br>Chicago, Illinois 60606<br>jmanderson@kopkalaw.com<br><br>*Attorneys for Defendant Kroger* | George M. Velcich<br>SUDEKUM, CASSIDY & SHULRUFF, CHTD<br>20 North Clark Street, Suite 2450<br>Chicago, Illinois 60602<br>gmv@scslegal.com<br><br>*Attorneys for Defendants Harjeet Singh<br>and Akal Transit, LLC* |

*/s/ Michael D. Reed*

4853-9898-7041,