# EXHIBIT A

**FILED**
**2/1/2022 5:02 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent | ) | |
| Administrator of the Estate of ROBERT A. | ) | |
| GRABNIK, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. No.  21 L 00000780 |
| | ) | |
| HARJEET SINGH, AKAL TRANSIT, LLC | ) | |
| PEPSI LOGISTICS COMPANY, INC., | ) | |
| OCEAN SPRAY INTERNATIONAL, INC. | ) | |
| and THE KROGER CO. | ) | |
| | ) | |
| Defendants, | ) | |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the

Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN,

POLLOCK, MURRAY & BEKKERMAN, and for her First Amended Complaint at Law against

Defendants, HARJEET SINGH and AKAL TRANSIT, LLC, states as follows:

### COUNT I
### Grabnik v. Harjeet Singh
(Negligence - Survival Act)

1.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007

Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or

near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner

semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn

from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6.     At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

7.     At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

    (a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.    One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.    As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained suffered severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

10.    The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, HARJEET SINGH, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

3

COUNT II
Grabnik v. Harjeet Singh
(Negligence - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, HARJEET SINGH, and states as follows:

1.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

4

6.    At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

7.    At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

    (a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

    (d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

    (e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

    (f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

    OR

    (g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.      One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.      As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

10.      GINZABURO SUZUE left surviving the following heirs and next of kin:

        (a)      his adult daughter, Tara Niemi;

        (b)      his adult son, Tad Grabnik;

11.      The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.      This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, HARJEET SINGH in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT III
Grabnik v. Akal Transit, LLC
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK,

MURRAY & BEKKERMAN, complains against the Defendant, AKAL TRANSIT, LLC, and states as follows:

1.      The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

5.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or

near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated

by HARJEET SINGH.

8. At that time and place, Defendant, HARJEET SINGH, individually and as an

agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty

of one or more of the following acts and/or omissions:

(a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c) Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d) Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e) Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f) Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g) Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

9. As a direct and proximate result of one or more, or all, of the foregoing acts or

omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant

HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left

mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when

he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.     One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

11.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, AKAL TRANSIT, LLC, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT IV
Grabnik v. Akal Transit, LLC
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, AKAL TRANSIT, LLC, and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

9

2. On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3. Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4. On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5. While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6. At that time and place, Defendant, AKAL TRANSIT, LLC, by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

    (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c) Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

10

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

7.    One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

8.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

9.    ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)    his adult daughter, Tara Niemi;

(b)    his adult son, Tad Grabnik;

10.    The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

11

11. This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, AKAL TRANSIT, LLC, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

<u>COUNT V</u>
<u>Grabnik v. Pepsi Logistics Company, Inc.</u>
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, PEPSI LOGISTICS COMPANY, INC., and states as follows:

1. The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2. On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3. On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, PEPSI LOGISTICS COMPANY, INC.

5.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant PEPSI LOGISTICS COMPANY, INC and in the furtherance of his work for PEPSI LOGISTICS COMPANY, INC.

6.     On September 6, 2021, Defendant PEPSI LOGISTICS COMPANY, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.     At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

9.     At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of PEPSI LOGISTICS COMPANY, INC., was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c) Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d) Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e) Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f) Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g) Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10. As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, PEPSI LOGISTICS COMPANY, INC., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11. One or more of these acts and/or omissions of defendant, PEPSI LOGISTICS COMPANY, INC. by and through its agent, apparent agent, employee, or servant HARJEET

14

SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, PEPSI LOGISTICS COMPANY, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT VI
Grabnik v. Pepsi Logistics Company, Inc.
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, PEPSI LOGISTICS COMPANY, INC., and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

15

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, PEPSI LOGISTICS COMPANY, INC.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant PEPSI LOGISTICS COMPANY, INC. and in the furtherance of his work for PEPSI LOGISTICS COMPANY, INC.

5.      On September 6, 2021, Defendant PEPSI LOGISTICS COMPANY, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.      At that time and place, Defendant, PEPSI LOGISTICS COMPANY, INC., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

     (a)      Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

     (b)      Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

     (c)      Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the

road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.    One or more of these acts and/or omissions of Defendant, PEPSI LOGISTICS COMPANY, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, PEPSI LOGISTICS COMPANY, INC., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.    ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)    his adult daughter, Tara Niemi;

(b)    his adult son, Tad Grabnik;

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, PEPSI LOGISTICS COMPANY, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT VII
Grabnik v. Ocean Spray International, Inc.
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., and states as follows:

1.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, OCEAN SPRAY INTERNATIONAL, INC.

5.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant OCEAN SPRAY INTERNATIONAL, INC. and in the furtherance of his work for OCEAN SPRAY INTERNATIONAL, INC.

6.      On September 6, 2021, Defendant OCEAN SPRAY INTERNATIONAL, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

19

9.     At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of OCEAN SPRAY INTERNATIONAL, INC., was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10.     As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11.     One or more of these acts and/or omissions of defendant, OCEAN SPRAY INTERNATIONAL, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT VIII
Grabnik v. Ocean Spray International, Inc.
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, OCEAN SPRAY INTERNATIONAL, INC.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant OCEAN SPRAY INTERNATIONAL, INC. and in the furtherance of his work for OCEAN SPRAY INTERNATIONAL, INC.

5.      On September 6, 2021, Defendant OCEAN SPRAY INTERNATIONAL, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.      At that time and place, Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

> (a)      Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)   Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)   Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)   Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)   Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)   Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)   Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.    One or more of these acts and/or omissions of Defendant, OCEAN SPRAY INTERNATIONAL, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.   ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)      his adult daughter, Tara Niemi;

(b)      his adult son, Tad Grabnik;

11.      The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.      This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT IX
Grabnik v. The Kroger Co.
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, THE KROGER CO., and states as follows:

1.      The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

24

3.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, THE KROGER CO.

5.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant THE KROGER CO. and in the furtherance of his work for THE KROGER CO.

6.     On September 6, 2021, Defendant THE KROGER CO. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.     At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

9.     At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of THE KROGER CO., was then and there guilty of one or more of the following acts and/or omissions:

(a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, THE KROGER CO., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11.    One or more of these acts and/or omissions of defendant, THE KROGER CO. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate

cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, THE KROGER CO., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT X
Grabnik v. The Kroger Co.
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, THE KROGER CO., and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, THE KROGER CO.

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant THE KROGER CO. and in the furtherance of his work for THE KROGER CO.

5.     On September 6, 2021, Defendant THE KROGER CO. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.     At that time and place, Defendant, THE KROGER CO., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

28

      (d)      Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

      (e)      Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

      (f)      Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

      OR

      (g)      Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.      One or more of these acts and/or omissions of Defendant, THE KROGER CO. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.      As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, THE KROGER CO., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.      ROBERT A. GRABNIK left surviving the following heirs and next of kin:

      (a)      his adult daughter, Tara Niemi;

      (b)      his adult son, Tad Grabnik;

11.      The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12. This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, THE KROGER CO., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

Respectfully submitted,

TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC

By: _____/s/   Sean P. Murray _____
         One of the Attorneys for the Plaintiff.

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No: 6275575
smurray@tpmblegal.com
bpollock@tpmblegal.com