# EXHIBIT D

# EXHIBIT D-1

**FILED**
**10/25/2021 4:40 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
Lake County, Illinois

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROBERT A. GRABNIK | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   21L 00000780 |
| HARJEET SINGH and AKAL TRANSIT, LLC | ) ) | |
| Defendants, | ) ) | |

## AFFIDAVIT

I, Sean P. Murray, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.

2. That I am a partner with the law firm of TAXMAN, POLLOCK, MURRAY & BEKKERMAN LLC., attorneys of record for the Plaintiff, ROBERT A. GRABNIK.

3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4. That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

_____
Sean P. Murray

SUBSCRIBED AND SWORN TO
before me this 21st day
of  October        2021 .

_____
Notary Public

OFFICIAL SEAL
VERONICA VILLARREAL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/10/24

# EXHIBIT D-2

**FILED**
**10/25/2021 4:40 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

ROBERT A. GRABNIK )
)
vs. )
)
HARJEET SINGH and AKAL TRANSIT LLC )

**21L 00000780**

Gen No. _____

## CERTIFICATE OF ATTORNEY – CIVIL DIVISION

1) Pursuant to Local Rule 2-2.01(c), I hereby certify that:

☑ There has been no previous Voluntary or Involuntary Dismissal of the subject matter of this litigation.

☐ There has been a previous Voluntary or Involuntary Dismissal of the subject matter of this litigation and at the time of dismissal that Case No. _____ was assigned to the

Honorable _____

☑ There is no other litigation presently pending in the county involving these parties.

☐ There is other litigation presently pending in the county involving the parties to or subject matter to this lawsuit and that case(s) is/are assigned Case No.(s)_____ which is/are assigned to the

Honorable _____

2) Are you seeking any injunctive relief?

☐ Yes - Select the appropriate case subtype under the Chancery-CH heading below.
☑ No - Select the appropriate non-Chancery case subtype below.

This data is being gathered for administrative purposes and will not be used for any other purpose.

**Arbitration – AR**
☐ Arbitration/Tort
☐ Arbitration/Contract
☐ Foreign Judgment
☐ Other subtype _____

**Chancery – CH**
☐ Residential Mortgage Foreclosure
☐ Residential Mortgage Foreclosure w/Mechanics Lien
☐ Non-Residential Mortgage Foreclosure
☐ Injunction
☐ Specific Performance
☐ Mechanics Lien Foreclosure
☐ Complaint for Rescission
☐ Partition
☐ Quiet Title
☐ Class Action
☐ Structured Settlement
☐ Foreign Judgment
☐ Other subtype _____

**Eminent Domain – ED**
☐ Eminent Domain
☐ Condemnation
☐ Other subtype _____

**Law Magistrate – LM**
☐ Eviction
☐ Eviction as result of mortgage foreclosure
☐ Replevin
☐ Detinue
☐ Distress for Rent
☐ Foreign Judgment
☐ Confirm Arbitrator's Award
☐ Confession of Judgment
☐ Other subtype _____

**Law – L**
☑ Tort
☐ Contract
☐ Product Liability
☐ Medical Malpractice
☐ Legal Malpractice
☐ Forcible Entry and Detainer
☐ Replevin
☐ Accounting Malpractice
☐ Foreign Judgment
☐ Confirm Arbitrator's Award
☐ Other subtype _____

**Municipal Corporation – MC**
☐ Annexation
☐ Disconnection
☐ Other subtype _____

**Miscellaneous Remedy – MR**
☐ Declaratory Judgment
☐ Corporation Dissolution
☐ Election Contest
☐ Mandamus
☐ Habeas Corpus
☐ Review of Administrative Proceeding/Statutory
☐ Review of Administrative Proceeding/Certiorari
☐ Quo Warranto
☐ Change of Name
☐ Forfeiture
☐ Fugitive from Justice
☐ Search Warrant
☐ Application for Eavesdropping Device
☐ Foreign Judgment
☐ Non-Attendance of Jurors
☐ Miscellaneous
☐ Other subtype _____

**Tax – TD**
☐ Deeds
☐ Other subtype _____

**Probate – P**
☐ Decedent/Testate > $15,000
☐ Decedent/Intestate > $15,000
☐ Decedent/Testate $15,000 or less
☐ Decedent/Intestate $15,000 or less
☐ Guardianship of Person/ Disabled Person
☐ Guardianship of Estate/ Disabled Person
☐ Guardianship of a Person and Estate/Disabled Person
☐ Guardianship of Person/ Minor
☐ Guardianship of Estate/Minor
☐ Guardianship of Person and Estate/Minor
☐ Proof of Heirship Alone
☐ Foreign Judgment
☐ Other subtype _____

**Tax – TX**
☐ Objections
☐ Disposition of Collections of Judgment of Settlement
☐ Sale in Error
☐ Other subtype _____

Print Name  Sean P. Murray

Signature  Sean P. Murray

☑ Attorney          ☐ Self-Represented Litigant

171-366 (Rev 7/18)

# EXHIBIT D-3

FILED
10/25/2021 4:40 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT A. GRABNIK          )
                           )
        Plaintiff,         )
                           )
            v.             )              No.   21L 00000780
                           )
HARJEET SINGH and AKAL TRANSIT, LLC   )
                           )
        Defendants,        )

## COMPLAINT AT LAW
### Count I
### (Robert A. Grabnik vs. Harjeet Singh)

NOW COMES the Plaintiff, ROBERT A. GRABNIK by and through his attorneys,

TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count I of his Complaint

at Law against defendant HARJEET SINGH, states:

1.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007

Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or

near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a

Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a

right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.      Based on information and belief, on September 6, 2021, and at all times relevant

to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned,

operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi

tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL

TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM C202 ON
1 20 2022 AT          9    A.M/P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.

5.    While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6.    At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

7.    At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

    (a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

    (d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

    (e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

    OR

    (f)    Was otherwise negligent or careless.

2

8.     One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.     As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Plaintiff, ROBERT A. GRABNIK, sustained severe and permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

WHEREFORE, Plaintiff, ROBERT A. GRABNIK, demands judgment against Defendant, HARJEET SINGH, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) plus costs.

## Count II
### (Robert A. Grabnik v. Akal Transit, LLC)

NOW COMES the Plaintiff, ROBERT A. GRABNIK, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count II of his Complaint at Law against defendant AKAL TRANSIT, LLC, states:

1-6.     Plaintiff adopts and re-alleges Paragraphs One (1) through Six (6) of Count I of this Complaint at Law as Paragraphs One (1) through Six (6) inclusive of this Count II, as though fully set forth herein.

7.     At that time and place, Defendant, AKAL TRANSIT, LLC, by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

3

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

OR

(f)     Was otherwise negligent or careless.

8.     One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.     As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, Plaintiff, ROBERT A. GRABNIK, sustained severe and permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

4

WHEREFORE, Plaintiff, ROBERT A. GRABNIK, demands judgment against Defendant, AKAL TRANSIT, LLC in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) plus costs.

Respectfully Submitted,

Sean P. Murray

Sean P. Murray
Bradley N. Pollock
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No: 6275575
smurray@tpmblegal.com
bpollock@tpmblegal.com

5

# EXHIBIT D-4

FILED
10/25/2021 4:40 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

|  |  |
|---|---|
| Robert A. Grabnik | ) |
|  | ) |
|  | ) |
| Plaintiff(s) | ) |
| vs. | ) |
|  | ) |
|  | ) |
| Harjeet Singh and Akal Transit LLC | ) |
| Defendant(s) | ) |

21L 00000780

Gen No: _____

**JURY DEMAND**

The ☑ plaintiff(s) ☐ defendant(s) in the above entitled cause demand a jury for trial of said cause.

_____

_____

By:  Sean P. Murray
_____
Their Attorney(s)/Pro Se

Prepared by:
Attorney's Name:  Sean P. Murray

Address:  225 West Wacker Dr, Suite 1650

City:  Chicago                          State:  Il

Phone:  312-586-1700          Zip Code:  60606

ARDC:  6275575

Fax:  312-586-1701

E-mail address:  smurray@tpmblegal.com

171-109 (Rev 10/13)

# EXHIBIT D-5

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | NOTICE |
|---|---|---|

**Lake** COUNTY

*For Court Use Only*

**NOTICE PURSUANT TO LCR ~ 2-2.14**
**THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE IN COURTROOM** _C202_ **ON** 1/20/2022 **AT** 9 **A.M./P.M.**
**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**

**Instructions** ▼

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

Robert A Grabnik
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

Harjeet Singh and Akal Transit LLC
**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

21L 00000780

**Case Number**

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons,* or *Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

**1. Defendant/Respondent's address and service information:**

In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

   a. Defendant/Respondent's primary address/information for service:
      Name *(First, Middle, Last)*: Akal Transit
      Registered Agent's name, if any: Jasbir Singh
      Street Address, Unit #: 10824 64th Street
      City, State, ZIP: Kenosha, WI 53142
      Telephone: _____ Email: _____

In 1b, enter a second address for Defendant/Respondent, if you have one.

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
      Name *(First, Middle, Last)*: _____
      Street Address, Unit #: _____
      City, State, ZIP: _____
      Telephone: _____ Email: _____

In 1c, check how you are sending your documents to Defendant/Respondent.

   c. Method of service on Defendant/Respondent:
      ☐ Sheriff     ☐ Sheriff outside Illinois: _____
                                         *County & State*
      ☑ Special process server   ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk: _____

<table>
<tr><td>In 2, enter the amount of money owed to you.</td><td colspan="2">**2.** **Information about the lawsuit:**<br>Amount claimed: $ 50,000.00</td></tr>
<tr><td rowspan="2">In 3, enter your complete address, telephone and email address, if you have one.</td><td colspan="2">**3.** **Contact information for the Plaintiff/Petitioner:**</td></tr>
</table>

**3.** **Contact information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last):*   TPMB LLC - Sean P. Murray
Street Address, Unit #:   225 West Wacker Drive, Suite 1650
City, State, ZIP:   Chicago, Illinois 60606
Telephone:   (312) 586-1700          Email:   smurray@tpmblegal.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: _____<br>City, State, ZIP: _____ |
|---|---|

In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response.*

In 4b, fill out:
• The court date and time the clerk gave you.
• The courtroom and address of the court building.
• The call-in or video information for remote appearances (if applicable).
• The clerk's phone number and website. All of this information is available from the Circuit Clerk.

☐ b.   Attend court:
On: _____ at _____ ☐ a.m. ☐ p.m. in _____
　　　*Date*　　　　　*Time*　　　　　　　　　　　*Courtroom*
**In-person at:**

_____
*Courthouse Address*　　*City*　　　　　　*State*　　*ZIP*
**OR**

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):
By telephone: _____
　　　　　　　　*Call-in number for telephone remote appearance*
By video conference: _____
　　　　　　　　　　*Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
　　　　　　　　　　*Circuit Clerk's phone number*
at: _____ to find out more about how to do this.
　　*Website*

| STOP!<br>The Circuit Clerk will fill in this section. | Witness this Date: ___10/25/2021___ |
|---|---|

Clerk of the Court   *Eva Carturyut Weinstein*
　　　　　　　　　　　　　　　　　　KS

STOP!
The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
　　　　　　*(Date to be entered by an officer or process server on the copy of this Summons left*
　　　　　　*with the Defendant or other person.)*

SU-S 1503.2                    Page 2 of 4                    (06/21)

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake_____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Robert A Grabnik | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.<br><br>Harjeet Singh and Akal Transit LLC | |
| | **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
      *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
    member or lives there:
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____
    And left it with: _____
                 *First, Middle, Last*
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    and by sending a copy to this defendant in a postage-paid, sealed envelope to the
    above address on _____ , 20 _____
    ☐ On the Corporation's agent, _____
                                *First, Middle, Last*
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

☐ I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| DO NOT complete this section. The sheriff or private process server will complete it. | If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury. |

**By:**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | *Signature by:* ☐ Sheriff ☐ Sheriff outside Illinois: | **FEES** Service and Return: $ _____ Miles _____ $ _____ Total $ 0.00 |

*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT D-6

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | *For Court Use Only* |
|---|---|---|

**Lake** COUNTY

**NOTICE**
PURSUANT TO LCR - 2-2.14
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE IN COURTROOM ~~C303C203~~ ON
1/20/22 4/25/22 AT 9 A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

Robert A Grabnik
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

Harjeet Singh and Akal Transit LLC
**Defendant / Respondent** *(First, middle, last name)*

**21L 00000780**

**Case Number**

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1.  Defendant/Respondent's address and service information:**

a.  Defendant/Respondent's primary address/information for service:
    Name *(First, Middle, Last)*:  Harjeet Singh
    Registered Agent's name, if any: _____
    Street Address, Unit #:  6734 100th Ave.
    City, State, ZIP:  Kenosha, WI 53142
    Telephone: _____  Email: _____

In 1b, enter a second address for Defendant/Respondent, if you have one.

b.  If you have more than one address where Defendant/Respondent might be found, list that here:
    Name *(First, Middle, Last)*: _____
    Street Address, Unit #: _____
    City, State, ZIP: _____
    Telephone: _____  Email: _____

In 1c, check how you are sending your documents to Defendant/Respondent.

c.  Method of service on Defendant/Respondent:
    ☐ Sheriff        ☐ Sheriff outside Illinois: _____
                                                    *County & State*
    ☑ Special process server    ☐ Licensed private detective

SU-S 1503.2

(06/21)

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| In 2, enter the amount of money owed to you.<br><br>In 3, enter your complete address, telephone number, and email address, if you have one. | **2.** **Information about the lawsuit:**<br>Amount claimed: $ 50,000.00<br><br>**3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: TPMB LLC - Sean P. Murray<br>Street Address, Unit #: 225 West Wacker Drive, Suite 1650<br>City, State, ZIP: Chicago, Illinois 60606<br>Telephone: (312) 586-1700 Email: smurray@tpmblegal.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: _____<br>City, State, ZIP: _____ |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b. Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>     *Date*     *Time*     *Courtroom*<br>**In-person at:** |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____ _____ _____ ____<br>*Courthouse Address*   *City*   *State*   *ZIP*<br>**OR**<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>     *Call-in number for telephone remote appearance*<br>By video conference: _____<br>     *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>     *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>     *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section.<br><br>**STOP!**<br>The officer or process server will fill in the Date of Service. | Witness this Date: 10/25/2021<br><br>Clerk of the Court: *Ena Cartwright Weinstein*    KS<br><br>This *Summons* must be served within 30 days of the witness date.<br><br>Date of Service: _____<br>     *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

SU-S 1503.2

(06/21)

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Robert A Grabnik<br>_____<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>Harjeet Singh and Akal Transit LLC<br>_____<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

Case Number _____

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
  *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
  *First, Middle, Last*
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____

☐ On the Corporation's agent, _____
  *First, Middle, Last*
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

☐ I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| DO NOT complete this section. The sheriff or private process server will complete it. | If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury. |

**By:**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | |
|---|---|

*Signature by:*   ☐ Sheriff
                  ☐ Sheriff outside Illinois:

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**
Service and Return: $ _____
Miles _____     $ _____
Total                $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT D-7

**FILED**
**11/22/2021 10:28 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

114PCI-728 (GMV/kln)

## IN THE CIRCUIT COURT OF THE NINETEETH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| ROBERT A. GRABNIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2021 L 00780 |
| | ) | |
| HARJEET SINGH and | ) | |
| AKAL TRANSIT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## APPEARANCE

The undersigned, as attorney, enters an Appearance as attorneys for the Defendants,

HARJEET SINGH and AKAL TRANSIT, LLC

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: /s/: George M. Velcich
Attorney for Defendant.

Name:        George M. Velcich (*gmv@scslegal.com*)
Attorney for:   SUDEKUM, CASSIDY & SHULRUFF, CHTD.
Address:      Defendant
City:          20 North Clark Street, Suite 2450
Telephone:    Chicago, Illinois 60602
ARDC No.:    (312) 803-6250
            3127772

> Under the rules of this Court, a copy of this Appearance should be mailed immediately to the attorney for the plaintiff. His name and address appears on the papers that were served upon you.

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/: George M. Velcich
Attorney for Defendant.

**ERIN CARTWRIGHT WEINSTEIN, CLERK OF THE CIRCUIT COURT OF LAKE COUNTY, IL**

# EXHIBIT D-8

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

**FILED**
**11/22/2021 10:28 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

| | |
|---|---|
| ROBERT A. GRABNIK | ) |
| | ) |
| Plaintiff(s) | ) |
| vs. | ) |
| | ) |
| | ) |
| HARJEET SINGH and AKAL TRANSIT, LLC | ) |
| | ) |
| Defendant(s) | ) |

Gen No: 2021 L 780

**JURY DEMAND**

The ☐ plaintiff(s) ☐ defendant(s) in the above entitled cause demand a jury for trial of said cause.

HARJEET SINGH and

AKAL TRANSIT, LLC

By: /s/: George M. Velcich

Their Attorney(s)/Pro Se

Prepared by:
Attorney's Name: George M. Velcich
Address: 20 N. Clark, Suite 2450
City: Chicago          State: IL
Phone: 312-803-6250    Zip Code: 60602
ARDC: 3127772
Fax: 312-803-6260
E-mail address: gmv@scslegal.com

171-109 (Rev 10/13)

# EXHIBIT D-9

114PCI-728 (GMV/kln)

FILED
**11/22/2021 10:28 AM**
**ERIN CARTWRIGHT WEINSTEIN**
Clerk of the Circuit Court
Lake County, Illinois

**IN THE CIRCUIT COURT OF THE NINETEETH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

| | |
|---|---|
| ROBERT A. GRABNIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2021 L 00780 |
| | ) |
| HARJEET SINGH and | ) |
| AKAL TRANSIT, LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

**VIA E-MAIL: SMURRAY@TPMBLEGAL.COM**
To:   Mr. Sean P. Murray
      Taxman, Pollock, Murray & Bekkerman, LLC
      225 W. Wacker Drive, Suite 1650
      Chicago, Illinois 60606

PLEASE TAKE NOTICE that on the 22nd day of November, 2021, we filed with the Clerk of the Circuit Court of Lake County, Illinois, *Defendants, Harjeet Singh and Akal Transit, LLC's Appearance and Jury Demand,* a copy of which is being filed and served upon you together with this notice.

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: /s/: George M. Velcich
Attorneys for Defendants

George M. Velcich (gmv@scslegal.com)
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
Phone: (312) 803-6250
ARDC No.:   3127772

## PROOF OF SERVICE *VIA* ELECTRONIC MAIL

The undersigned, a non-attorney, certify that I served this Notice by emailing a copy to the parties to whom this Notice is directed at their respective email address, referenced above, at or before 5:00 p.m. on November 22, 2021.

| | |
|---|---|
| [x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109(1993), I certify that the statements set forth herein are true and correct. | Date: November 22, 2021 |
| | /s/: Kerri Nevarez |
| | Signature |

# EXHIBIT D-10

FILED
**11/22/2021 10:28 AM**
**ERIN CARTWRIGHT WEINSTEIN**
Clerk of the Circuit Court
**Lake County, Illinois**

114PCI-728 (GMV/kln)

IN THE CIRCUIT COURT OF THE NINETEETH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

ROBERT A. GRABNIK,                    )
                                      )
      Plaintiff,                      )
                                      )
v.                                    )     No. 2021 L 00780
                                      )
HARJEET SINGH and                     )
AKAL TRANSIT, LLC,                    )
                                      )
      Defendants.                     )

## NOTICE OF FILING

**VIA E-MAIL: SMURRAY@TPMBLEGAL.COM**

To:  Mr. Sean P. Murray
      Taxman, Pollock, Murray & Bekkerman, LLC
      225 W. Wacker Drive, Suite 1650
      Chicago, Illinois 60606

      PLEASE TAKE NOTICE that on the 22nd day of November, 2021, we filed with the Clerk of the Circuit Court of Lake County, Illinois, ***Defendants, Harjeet Singh and Akal Transit, LLC's Appearance and Jury Demand,*** a copy of which is being filed and served upon you together with this notice.

            SUDEKUM, CASSIDY & SHULRUFF, CHTD.

            By: /s/: George M. Velcich
                Attorneys for Defendants

George M. Velcich (gmv@scslegal.com)
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
Phone: (312) 803-6250
ARDC No.:  3127772

## PROOF OF SERVICE *VIA* ELECTRONIC MAIL

      The undersigned, a non-attorney, certify that I served this Notice by emailing a copy to the parties to whom this Notice is directed at their respective email address, referenced above, at or before 5:00 p.m. on November 22, 2021.

[x] Under penalties as provided by law pursuant to 735 ILCS
5/1-109(1993), I certify that the statements set forth herein
are true and correct.

Date: November 22, 2021

/s/: Kerri Nevarez
      Signature

# EXHIBIT D-11



306289
**Law Firm Ref#: Grabnik**

**FILED**
**11/29/2021 10:22 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

## IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROBERT A. GRABNIK

      **Plaintiff**

      **VS**

HARJEET SINGH and AKAL TRANSIT LLC

      **Defendant**

Case No.: **21 L 780**

### AFFIDAVIT OF SPECIAL PROCESS SERVER

I, _____Stuart Satter_____ being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an agent of It's Your Serve, Inc., Illinois Department of Financial and Professional Regulation number 117.000885.

INDIVIDUAL/ENTITY TO BE SERVED: **Akal Transit LLC c/o Jasbir Singh**

I, Served the within named INDIVIDUAL/ENTITY on **11/10/2021 at 6:45 PM**

**CORPORATE SERVICE:** by leaving a copy of this process with **Jasbir Singh** (Title): **Authorized Individual**, a person authorized to accept service. I informed that person of the contents thereof.

TYPE OF PROCESS: **Summons; Complaint at Law**

ADDRESS WHERE SERVED: **10824 64th Street, Kenosha, WI 53142**

The sex, race and approximate age of the individual/entity with whom the copy of this process was left is as follows:

Sex: **Male** - Race: **Indian** - Hair: **Black** - Approx. Age: 31 - Height: **5'09"** - Weight: **180**

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

Signed and sworn before me on
this _18_ day of _November_, 20_21_.

_____
Notary Public
my commission expires 5-4-24

_____
(Server Signature)

STUART SATTER
_____
(Print Name)

LAURA ORTMANN
NOTARY PUBLIC
STATE OF WISCONSIN

It's Your Serve, Inc.
134 N. LaSalle Street, #1410
Chicago, IL 60602
(312) 855-0303

306289

Order #:306289/ILPRF441

# EXHIBIT D-12



306288
Law Firm Ref#: Grabnik

FILED
11/29/2021 10:22 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

## IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ROBERT A. GRABNIK

     **Plaintiff**

       **VS**

Case No.: **21 L 780**

HARJEET SINGH and AKAL TRANSIT LLC

     **Defendant**

### AFFIDAVIT OF SPECIAL PROCESS SERVER

I, _____ Stuart Satter _____ being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an agent of It's Your Serve, Inc., Illinois Department of Financial and Professional Regulation number 117.000885.

**INDIVIDUAL TO BE SERVED: Harjeet Singh**

I, Served the within named INDIVIDUAL on **11/9/2021** at **6:35 PM**

**SUBSTITUTE SERVICE:** by leaving a copy of this process at his/her usual place of abode with **Parwinder Kaur.** (Title): **Spouse,** a person residing therein who is the age of 13 years or upwards and informed that person of the contents thereof and that I further mailed a copy of this process via regular mail in a sealed envelope with postage paid addressed to the INDIVIDUAL at his/her usual place of abode on **11/10/2021.**

TYPE OF PROCESS: **Summons; Complaint at Law**

ADDRESS WHERE SERVED: **6734 100th Avenue, Kenosha, WI 53142**

The sex, race and approximate age of the individual with whom the copy of this process was left is as follows:

Sex: **Female** - Race: **Indian** - Hair: **Black** - Approx. Age: 38 - Height: **5'04"** - Weight: **150**

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

Signed and sworn before me on
this _18_ day of _November_, 20_21_.

_____
(Server Signature)

_____
Notary Public
my commission expires 5.4.24

_STUART SATTER_
(Print Name)

LAURA ORTMANN
NOTARY
PUBLIC
STATE OF WISCONSIN

It's Your Serve, Inc.
134 N. LaSalle Street, #1410
Chicago, IL 60602
(312) 855-0303

306288

Order #:306288/ILPRF441

# EXHIBIT D-13

**FILED**
**12/27/2021 12:00 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| ROBERT A. GRABNIK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 21 L 00000780 |
| | ) |
| HARJEET SINGH and AKAL TRANSIT, LLC | ) |
| | ) |
| Defendants, | ) |

## <u>CERTIFICATE OF SERVICE</u>

TO:  George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
gmv@scslegal.com
[Attorneys for Harjeet Singh and Akal Transit, LLC]

**PLEASE TAKE NOTICE** that on December 23, 2021, we electronically filed with the Clerk of Circuit Court of the Circuit Court of ~~Cook~~ Lake County, Illinois, **Plaintiff's Certificate of Service of the following documents:**

- Interrogatories to Defendants HARJEET SINGH and AKAL TRANSIT, LLC;
- Rule 214 Request to Produce to Defendants HARJEET SINGH and AKAL TRANSIT, LLC; and
- Rule 213(f) Interrogatories to Defendants HARJEET SINGH and AKAL TRANSIT, LLC

in the above captioned matter, a copy of which is served upon the above listed address by emailing from at 225 West Wacker Drive, Chicago, Illinois 60606.

**By: Taxman, Pollock, Murray & Bekkerman, LLC**

By:_____Sean P. Murray_____

**I.D. No: 6275575**
Sean P. Murray
Bradley N. Pollock
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

## **PROOF OF SERVICE**

The undersigned, non-attorney certifies that on December 23, 2021, a true and correct copy of the above document was filed with the Circuit Court of Lake County and was served by emailed on all counsel of record herein.

<u>Christine M. Kinnerk</u>

# EXHIBIT D-14

# EXHIBIT 3

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. No. 21 L 00000780 |
| HARJEET SINGH and AKAL TRANSIT, LLC | ) ) ) | |
| Defendants, | ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, and for her First Amended Complaint at Law against Defendants, HARJEET SINGH and AKAL TRANSIT, LLC, states as follows:

### COUNT I
### Grabnik v. Harjeet Singh
### (Negligence - Survival Act)

1.    On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.    On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.    Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.  On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.  While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6.  At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his person and his vehicle were struck by the semi tractor-trailer operated by HARJEET SINGH.

7.  At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

   (a)  Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

   (b)  Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

   (c)  Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

   (d)  Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

   (e)  Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

2

OR

(f)     Was otherwise negligent or careless.

8.     One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and ROBERT A. GRABNIK and the motorcycle in which ROBERT A. GRABNIK was operating.

9.     As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained suffered severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; including but not limited to a brain injury, paralysis and multiple fractures, all of which caused or contributed to cause his death.

10.     As a direct and proximate result of one or more of the Defendant's negligent acts or omissions, ROBERT A. GRABNIK suffered injuries of a personal and pecuniary nature including, but not limited to, pain and suffering, disability and disfigurement, medical and other related expenses, and ROBERT A. GRABNIK is entitled to compensation for these injuries.

11.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, HARJEET SINGH, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

3

<u>COUNT II</u>
<u>Grabnik v. Harjeet Singh</u>
**(Negligence - Wrongful Death)**

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, HARJEET SINGH, and states as follows:

1.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

4

6.     At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his person and his vehicle were struck by the semi tractor-trailer operated by HARJEET SINGH.

7.     At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

     (a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

     (b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

     (c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

     (d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

     (e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

     OR

     (f)    Was otherwise negligent or careless.

8.     One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and ROBERT A. GRABNIK and the motorcycle in which ROBERT A. GRABNIK was operating.

9.     As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained

severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

10.    ROBERT A. GRABNIK left surviving the following heirs and next of kin:

    (a)    his adult daughter, Tara Niemi;

    (b)    his adult son, Tad Grabnik;

11.    The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.    This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, HARJEET SINGH in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

### COUNT III
### Grabnik v. Akal Transit, LLC
#### (Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, AKAL TRANSIT, LLC, and states as follows:

1.    The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

6

2.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

5.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his person and his vehicle were struck by the semi tractor-trailer operated by HARJEET SINGH.

8.      At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

7

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

OR

(f)     Was otherwise negligent or careless.

9.      As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained suffered severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; including but not limited to a brain injury, paralysis and multiple fractures, all of which caused or contributed to cause his death.

10.     As a direct and proximate result of one or more of the Defendant's negligent acts or omissions, ROBERT A. GRABNIK suffered injuries of a personal and pecuniary nature including, but not limited to, pain and suffering, disability and disfigurement, medical and other related expenses, and ROBERT A. GRABNIK is entitled to compensation for these injuries.

11.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute

8

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, AKAL TRANSIT, LLC, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

**COUNT IV**
**Grabnik v. Akal Transit, LLC**
**(Agency - Wrongful Death)**

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, AKAL TRANSIT, LLC, and states as follows:

1.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

9

5.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6.     At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his person and his vehicle were struck by the semi tractor-trailer operated by HARJEET SINGH.

7.     At that time and place, Defendant, AKAL TRANSIT, LLC, by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

    (a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

    (d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

    (e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

    OR

    (f)     Was otherwise negligent or careless.

7.     One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC

by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and ROBERT A. GRABNIK and the motorcycle in which ROBERT A. GRABNIK was operating.

8.     As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

9.     ROBERT A. GRABNIK left surviving the following heirs and next of kin:

    (a)     his adult daughter, Tara Niemi;

    (b)     his adult son, Tad Grabnik;

10.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

11.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, AKAL TRANSIT, LLC, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

Respectfully submitted,

TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC

By: _____ /s/ _ Sean P. Murray _____

One of the Attorneys for the Plaintiff.

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No: 6275575
smurray@tpmblegal.com
bpollock@tpmblegal.com

12

# EXHIBIT D-15

**FILED**
**1/13/2022 12:32 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT A. GRABNIK    )
          )
 Plaintiff,     )
          )
 v.       )  No. 21 L 00000780
          )
HARJEET SINGH and AKAL TRANSIT, LLC )
          )
 Defendants,    )

## MOTION TO SPREAD DEATH OF RECORD AND FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Now comes the law firm of TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, attorneys for the Plaintiff, ROBERT A. GRABNIK, in the above-captioned cause, and moves this Honorable Court for entry of an Order suggesting the death of ROBERT A. GRABNIK, and to spread his death of record; and to substitute SANDRA GRABNIK as Independent Administrator of the Estate of ROBERT A. GRABNIK, deceased, and for leave to file Plaintiff's First Amended Complaint at Law, states as follows:

1. On September 6, 2021, Robert A. Grabnik was riding a 2007 Yamaha Majesty scooter when he was struck by the Defendant's tractor-trailer. He suffered severe injuries including multiple fractures, a brain injury and paralysis. Ultimately, he expired due to his injuries on October 28, 2021. (Exhibit 1)

2. On December 17, 2021, an Estate was opened in the County of Lake on behalf of Robert A. Grabnik, deceased.

3. On December 17, 2021, Sandra Grabnik was duly appointed Independent Administrator of the Estate of Robert A. Grabnik, deceased. (Exhibit 2).

4. Plaintiff hereby moves for an entry of an order suggesting the death of Robert A. Grabnik and to spread the death of record.

5.    Plaintiff hereby moves to substitute Sandra Grabnik, as Independent Administrator of the Estate of Robert A. Grabnik, Deceased, as the Plaintiff in this cause.

6.    Plaintiff hereby moves for leave to file Plaintiff's First Amended Complaint substituting Sandra Grabnik, as Independent Administrator of the Estate of Robert A. Grabnik, Deceased, as the Plaintiff in this cause. (Exhibit 3).

7.    Plaintiff Amended Complaint will also be amended to include a survival action and wrongful death counts.

WHERFORE, attorneys for the Plaintiff, ROBERT A. GRABNIK, respectfully requests this Honorable Court enter an Order:

A.    Suggesting the death of Robert A. Grabnik and to spread the death of record;

B.    Substitute Sandra Grabnik, as Independent Administrator of the Estate of Robert A. Grabnik, Deceased, as the Plaintiff in this cause; and

C.    Grant Plaintiff leave to file his First Amended Complaint substituting Sandra Grabnik, as Independent Administrator of the Estate of Robert A. Grabnik, Deceased, as the Plaintiff in this cause and adding counts for wrongful death and a survival action.

D.    And for such further relief as this Court deems just and reasonable.

Respectfully Submitted,

Sean P. Murray

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No: 6275575
smurray@tpmblegal.com
bpollock@tpmblegal.com

# EXHIBIT D-16

FILED
1/13/2022 12:32 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROBERT A. GRABNIK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 L 00000780 |
| | ) | |
| HARJEET SINGH and AKAL TRANSIT, LLC | ) | (NOTE: Motion will be heard in Conjunction |
| | ) | with the 218 Conference of this matter) |
| Defendants, | ) | |

## NOTICE OF MOTION

To:   George M. Velcich
      SUDEKUM, CASSIDY &
      SHULRUFF, CHTD
      20 North Clark Street, Suite 2450
      Chicago, Illinois 60602
      gmv@scslegal.com
      [Attorneys for Harjeet Singh and Akal
      Transit, LLC]

On **January 20, 2022 at 9:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear by remote access: **via zoom** before the Honorable Judge Mitchell L. Hoffman, in Courtroom No. C202, or any other judge as may be holding court in his absence, in the courtroom usually occupied by him in the Lake County Courthouse, 18 N. County Street, Waukegan, Illinois and then and there present the attached **Plaintiff's Motion to Spread the Death of Record and for Leave to File Plaintiff's First Amended Complaint at Law,** a copy of which is attached hereto;

Respectfully Submitted,

_____
Sean P. Murray

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock ARDC #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

## CERTIFICATE OF SERVICE

I, the undersigned, a non-attorney, certifies that she served a copy of the foregoing document, having been filed by electronic means using the Court's CM/ECF system and served upon all counsel of record, by electronic mail on this 13th day of January 2022.

Christine M. Kinnerk

# EXHIBIT D-17

**CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

ROBERT A. GRABNIK )
)
    Plaintiff, )
)
       v. )    No. 21 L 00000780
)
HARJEET SINGH and AKAL TRANSIT, LLC )
)
    Defendants, )

FILED
JAN 20 2022
Eric Cartwright Weinstein
CIRCUIT CLERK

## O R D E R

THIS CAUSE coming to be heard pursuant to Plaintiff's Motion to suggest the death of

ROBERT A. GRABNIK, and to spread his death of record; and to substitute SANDRA

GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased;

and for leave to file Plaintiff's First Amended Complaint at Law; the Court being fully advised,

IT IS HEREBY ORDERED:

    1)     Plaintiff's motion to suggest the death of Robert A. Grabnik is GRANTED, the
death of Robert A. Grabnik is hereby spread of record;

    2)     Sandra Grabnik as Independent Administrator of the Estate of Robert A Grabnik,
is hereby substituted as Plaintiff in this cause;

    3)     Plaintiff is granted leave to file his First Amended Complaint naming Sandra
Grabnik as Independent Administrator and adding additional counts of wrongful death and
survival within 14 days.

**TAXMAN, POLLOCK, MURRAY &
BEKKERMAN, LLC**
225 W. Wacker, Suite 1650
Chicago, IL 60606
Tel: (312) 586-1700
smurray@tpmblegal.com
Attorney ID# 6275575

Date _____

ENTERED: _____
      Judge            Judge's No.

# EXHIBIT D-18

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

FILED

Robert A. Grabnik
)
)
)
Plaintiff(s) )
)
vs. )
)
)
Harjeet Singh and Akal Transity, LLC )
)
Defendant(s) )

JAN 2 0 2022

2nd Circuit Clerk
CIRCUIT CLERK

Gen No. 21 L 00000780

## SUPREME COURT RULE 218 CASE MANAGEMENT ORDER

This cause coming to be heard on the Court's Supreme Court Rule 218 Call and the following parties appearing through counsel: Sean Murray on behalf of Plaintiff. George Velcich on behalf of Defendants.

**IT IS HEREBY ORDERED:**

1. This cause is set for jury/bench trial on February 27 , 20 23 , at 9:00 AM in Courtroom C- 202 ,

2. The following filing/disclosure deadlines are hereby scheduled:

   (a) Any and all Cross, Counter and Third-Party complaints June 24 , 20 22 ,

   (b) Plaintiff(s) - all Rule 213 (f) information June 24 , 20 22 ,

   (c) Defendant(s) - all Rule 213 (f) information August 26 , 20 22 ,

   (d) Cross-Defendants, Counter Defendants and Third-Party Defendants all Rule 213 (f) information September 27 , 20 22 ,

   (e) Plaintiff(s) - all rebuttal witness information under Rule 213 (f) October 28 , 20 22 ,

   (f) all discovery shall be completed December 2 , 20 22 ,

   (g) all motions for involuntary dismissal or summary judgment shall be filed on or before December 9 , 20 22 ,

   (h) A final pretrial conference is set for February 17 , 20 23 , at 9:00 A.M./P.M. in C- 202 , (See Local rule 4.03).

   (i) A settlement conference is set for _____ , 20___ , at _____ A.M. / P.M. in C-____ ,

   (j) A subsequent Supreme Court Rule 218 Case Management conference is set for June 22 , 20 22 , at 9:00 A.M.

3. The Defendants are given leave to file their Responsive Pleadings to Plaintiff's FAC by February 10, 2022.

**Notice**

Failure of any party to promptly seek enforcement of this Order constitutes a waiver of the requested discovery.
Failure of any party to comply with this Case Management Order may be a basis for Rule 219(c) sanctions.
A copy of this order is to be sent to each party by his/her counsel within 7 days of the initial Case Management date.

Dated at Waukegan, Illinois this             Enter:
20th day of January , 20 22

Mitchell L. Hoffman

JUDGE

**Prepared by:**

Name: Sean P. Murray - TPMB LLC             Pro Se ☐

Address: 225 West Wacker Drive, Suite 1650

City: Chicago             State: Il

Phone: 312-586-1700             Zip Code: 60606

ARDC #: 6275575

E-mail address: smurray@tpmblegal.com

171-139  Rev 12/17

# EXHIBIT D-19

**FILED**
**1/21/2022 4:42 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| SANDRA GRABNIK as Independent Administrator) of the Estate of ROBERT A. GRABNIK, Deceased ) ) Plaintiff, ) ) v. ) ) HARJEET SINGH and AKAL TRANSIT, LLC ) ) Defendants, ) | No. 21 L 00000780 |

## NOTICE OF MOTION

To:    George M. Velcich
       SUDEKUM, CASSIDY &
       SHULRUFF, CHTD
       20 North Clark Street, Suite 2450
       Chicago, Illinois 60602
       gmv@scslegal.com
       [Attorneys for Harjeet Singh and Akal
       Transit, LLC]

On **February 1, 2022 at 9:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear by remote access: **via zoom** before the Honorable Judge Mitchell L. Hoffman, in Courtroom No. C202, or any other judge as may be holding court in his absence, in the courtroom usually occupied by him in the Lake County Courthouse, 18 N. County Street, Waukegan, Illinois and then and there present the attached **Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint at Law**, a copy of which is attached hereto;

Respectfully Submitted,

Sean P. Murray

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock ARDC #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, a non-attorney, certifies that she served a copy of the foregoing document, having been filed by electronic means using the Court's CM/ECF system and served upon all counsel of record, by electronic mail on this 21st day of January 2022.

<u>Christine M. Kinnerk</u>

# EXHIBIT D-20

**FILED**
**1/26/2022 12:15 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
Firm I.D. 38809
**Lake County, Illinois**

114PCI-644 (GMV/kln)

## IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent | ) | |
| Administrator of the Estate of ROBERT A. | ) | |
| GRABNIK, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2021 L 00780 |
| | ) | |
| HARJEET SINGH and | ) | |
| AKAL TRANSIT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS AKAL TRANSIT, LLC's
### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

NOW COMES Defendant AKAL TRANSIT, LLC ("Akal Transit") by and through its attorneys, SUDEKUM, CASSIDY & SHULRUFF, CHTD., and for its Answer to the First Amended Complaint at law of Plaintiff, SANDRA GRABNIK, ("Complaint"), states as follows:

### Counts I-II
### Grabnik v. Harjeet Singh

Counts I and II are not directed to this Defendant and therefore, require no answer from this Defendant. Answering in the alternative and to the extent that any of the allegations contained in Counts I and II are directed to this Defendant, Akal Transit denies those allegations.

### Count III
### Grabnik v. Akal Transit, LLC
### (Agency – Survival Act)

1.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Act.

**ANSWER:** Akal Transit admits only that Plaintiff brings this action under the Illinois Survival Statute, but denies that she is entitled to any recovery from this Defendant under said Statute and otherwise denies the rest and remaining allegations of Paragraph 1, insofar as they have not been admitted.

2.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

**ANSWER:** Akal Transit admits only that Plaintiff was operating a motorcycle in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, Akal Transit denies the rest and remaining allegations contained in Paragraph 2, insofar as they have not been admitted.

3.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

**ANSWER:** Akal Transit admits only that Defendant Singh was operating a tractor-trailer in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, Akal Transit denies the rest and remaining allegations contained in Paragraph 3, insofar as they have not been admitted.

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

**ANSWER:** Akal Transit admits the allegations contained in Paragraph 4.

5.    On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

**ANSWER:**    **Paragraph 5, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 5 require an answer, Akal Transit admits the allegations contained in Paragraph 5.**

6.    While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

**ANSWER:**    **Paragraph 6, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 5 require an answer and to the extent that any such legal duties existed, Akal Transit denies that Defendant Singh violated any such duties and otherwise denies the rest and remaining allegations contained in Paragraph 6.**

7.    At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

**ANSWER:**    **Akal Transit denies the allegations contained in Paragraph 7.**

8.    At that time and place, Defendant, AKAL TRANSIT, LLC, by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

3

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

OR

(f)     Was otherwise negligent or careless.

**ANSWER:     Akal Transit denies the allegations contained in Paragraph 8 and specifically denies the allegations contained in subparagraphs (a) through (f), inclusive.[1]**

9.     As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; including but not limited to a brain injury, paralysis and multiple fractures, all of which caused or contributed to his death.

**ANSWER:     Akal Transit denies the allegations contained in Paragraph 9.**

---

[1] Contemporaneously with the filing of this Answer and Affirmative Defenses, Defendant is filing a Motion to Strike pursuant to 735 ILCS 5/2-1615, asserting that subparagraph 8(f) of Counts III and subparagraph 7(f) of Count IV of Plaintiffs' Complaint should be stricken for failure to comply with Illinois law.

4

10.     As a direct and proximate result of one or more of the Defendant's negligent acts or omissions, ROBERT A. GRABNIK suffered injuries of a personal and pecuniary nature including, but not limited to, pain and suffering, disability and disfigurement, medical and other related expenses, and ROBERT A. GRABNIK is entitled to compensation for these injuries.

**ANSWER:     Akal Transit denies the allegations contained in Paragraph 10.**

11.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

**ANSWER:     Akal Transit admits only that Plaintiff brings this action under the Illinois Survival Statute, but denies that she is entitled to any recovery from this Defendant under said Statute and otherwise denies the rest and remaining allegations of Paragraph 11, insofar as they have not been admitted.**

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action.

## Count IV
### Grabnik v. Akal Transit, LLC
### (Agency – Wrongful Death)

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

**ANSWER:     Akal Transit admits only that Plaintiff was operating a motorcycle in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, Akal Transit denies the rest**

5

**and remaining allegations contained in Paragraph 1, insofar as they have not been admitted.**

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

**ANSWER:      Akal Transit admits only that Defendant Singh was operating a tractor-trailer in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint.  Answering further, Akal Transit denies the rest and remaining allegations contained in Paragraph 2, insofar as they have not been admitted.**

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

**ANSWER:      Akal Transit admits the allegations contained in Paragraph 3.**

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

**ANSWER:      Paragraph 4, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 4 require an answer, Akal Transit admits the allegations contained in Paragraph 4.**

5.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

**ANSWER:** **Paragraph 5, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 5 require an answer and to the extent that any such legal duties existed, Akal Transit denies that Defendant Singh violated any such duties and otherwise denies the rest and remaining allegations contained in Paragraph 5.**

6.     At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

**ANSWER:** **Akal Transit denies the allegations contained in Paragraph 6.**

7.     At that time and place, Defendant, AKAL TRANSIT, LLC, by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

            OR

(f)     Was otherwise negligent or careless.

7

**ANSWER:** **Akal Transit denies the allegations contained in Paragraph 7 and specifically denies the allegations contained in subparagraphs (a) through (f), inclusive.**

7. One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and ROBERT A. GRABNIK and the motorcycle in which ROBERT A. GRABNIK was operating.

**ANSWER:** **Akal Transit denies the allegations contained in Paragraph 7.**

8. As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

**ANSWER:** **Akal Transit denies the allegations contained in Paragraph 8.**

9. ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a) his adult daughter, Tara Niemi;

(b) his adult son, Tad Grabnik;

**ANSWER:** **Akal Transit lacks sufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 9 and therefore, neither admits nor denies the allegations contained in Paragraph 9, but demands strict proof thereof.**

10. The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

**ANSWER:** **Akal Transit denies the allegations contained in Paragraph 10.**

11.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740

ILCS 180/1 et seq.

**ANSWER:**     **Akal Transit admits only that Plaintiff brings this action under the Illinois Wrongful Death Act, but denies that she is entitled to any recovery from this Defendant under said Act and otherwise denies the rest and remaining allegations of Paragraph 11, insofar as they have not been admitted.**

## Counts III-IV
### Grabnik v. Akal Transit, LLC

Counts III and IV are not directed to this Defendant and therefore, require no answer from this Defendant.  Answering in the alternative and to the extent that any of the allegations contained in Counts III and/or IV are directed to this Defendant, Defendant denies those allegations.

## AFFIRMATIVE DEFENSES

Without prejudice to any of the answer or responses contained it his Answer above, Defendant HARJEET SINGH asserts the following as its Affirmative Defenses to Plaintiffs' Complaint.

### First Affirmative Defense

1.     Upon information and belief, Plaintiff's decedent, ROBERT GRABNIK, was operating a motorcycle in the vicinity of Kilbourn and Russell Roads in Zion, Lake County, Illinois.

2.     At all relevant times, Plaintiff 's decedent, ROBERT A. GRABNIK, had a duty to had a duty to operate his motorcycle in a safe and reasonable manner and to exercise due caution for his own safety.

3.     That notwithstanding his aforesaid duty, Plaintiff's decedent was guilty of one or more or all of the following negligent acts or omissions:

    a.      Failed to keep a proper lookout;

    b.      Failed to maintain awareness of his surroundings;

    c.      Failed to adhere to laws, rules, procedures, or protocol;

    d.      Failed to maintain proper control of his motorcycle;

    e.      Operated his motorcycle at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway;

    f.      Failed to maneuver his motorcycle in a safe manner so as to avoid losing control of his motorcycle on the roadway; and

    g.      Failed to decrease speed when approaching and entering an intersection or when special hazard existed with respect to other traffic.

4.     That as a direct and proximate result of one or more of all of the aforesaid negligent acts or omissions to act, Plaintiff suffered the damages of which she complains in the Complaint.

5.     The Complaint and each of its causes of action are barred, limited, or all, or at least some, of Plaintiffs' recoveries should be reduced by Plaintiff's decedent's negligence or other fault, pursuant to the doctrine of comparative fault.

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action.

### Second Affirmative Defense

Any injuries or damages claimed by Plaintiffs were the result of the negligence, misconduct and fault of third persons for whose conduct AKAL TRANSIT, LLC. is not responsible.

### Third Affirmative Defense

In the event that AKAL TRANSIT, LLC., is found liable for any of Plaintiff's injuries or damages, AKAL TRANSIT, LLC.'s liability is less than 25% of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any third party defendant and therefore AKAL TRANSIT, LLC. shall be only severally liable for damages other than Plaintiff's past and future medical and medically related expenses, pursuant to 735 ILCS 5/2-1117, which provides as follows:

> (from Ch. 110, par. 2-1117) Except as provided in Section 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants except the plaintiff's employer, shall be jointly and severally liable for all other damages.

(735 ILCS 5/2-1117)

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with

11

the costs of this action and to the extent that AKAL TRANSIT, LLC. is found liable, AKAL

TRANSIT, LLC. shall be only severally liable for damages other than Plaintiff's past and future

medical and medically related expenses.

Respectfully Submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.


By: /s/: George M. Velcich_____
                    Attorneys for Defendant

George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 2450
Chicago, IL 60602
Phone: (312) 803-6250
E-Mail: gmv@scslegal.com
Firm I.D. 38809

# EXHIBIT D-21

114PCI-644 (GMV/kln)

**FILED**
**1/26/2022 12:15 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2021 L 00780 |
| HARJEET SINGH and AKAL TRANSIT, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF FILING

**VIA E-MAIL: SMURRAY@TPMBLEGAL.COM**

To:   Mr. Sean P. Murray
      Taxman, Pollock, Murray & Bekkerman, LLC
      225 W. Wacker Drive, Suite 1650
      Chicago, Illinois 60606

PLEASE TAKE NOTICE that on the 26th day of January, 2022, we filed with the Clerk of the Circuit Court of Lake County, Illinois, ***Defendants Proof of Service of 1) Interrogatories to Plaintiff; 2) Request for Production;3) Rule 237 Notice to Produce to Plaintiff, and 4) Notice of Deposition,*** copies of which are being filed and served upon you together with this notice.

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: /s/: George M. Velcich
                  Attorneys for Defendants

George M. Velcich (gmv@scslegal.com)
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
Phone: (312) 803-6250

## PROOF OF SERVICE *VIA* ELECTRONIC MAIL

The undersigned, a non-attorney, certify that I served this Notice by emailing a copy to the parties to whom this Notice is directed at their respective email address, referenced above, at or before 5:00 p.m. on January 26, 2022.

[x]   Under penalties as provided by law pursuant to          Date: January 26, 2022
      735 ILCS 5/1-109 (1993) I certify that the statements
      set forth herein are true and correct.                 /s/: Kerri Nevarez
                                                              Signature

# EXHIBIT D-22

FILED
1/26/2022 12:15 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

114PCI-728 (GMV/kln)

**IN THE CIRCUIT COURT OF THE NINETEETH JUDICIAL CIRCUIT OF**
**LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| ROBERT A. GRABNIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2021 L 00780 |
| | ) | |
| HARJEET SINGH and | ) | |
| AKAL TRANSIT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

**VIA E-MAIL: SMURRAY@TPMBLEGAL.COM**
To: Mr. Sean P. Murray
Taxman, Pollock, Murray & Bekkerman, LLC
225 W. Wacker Drive, Suite 1650
Chicago, Illinois 60606

PLEASE TAKE NOTICE that on the 26th day of January, 2022, we filed with the Clerk of the Circuit Court of Lake County, Illinois, *Defendant Harjeet Singh's Answer to Plaintiff's First Amended Complaint and Akal Transit, LLC's Answer to Plaintiff's First Amended Complaint,* copies of which are being filed and served upon you together with this notice.

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: /s/: George M. Velcich
Attorneys for Defendants

George M. Velcich (gmv@scslegal.com)
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
Phone: (312) 803-6250
ARDC No.: 3127772

## PROOF OF SERVICE *VIA* ELECTRONIC MAIL

The undersigned, a non-attorney, certify that I served this Notice by emailing a copy to the parties to whom this Notice is directed at their respective email address, referenced above, at or before 5:00 p.m. on January 26, 2022.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109(1993), I certify that the statements set forth herein are true and correct.

Date: January 26, 2022

/s/: Kerri Nevarez
Signature

# EXHIBIT D-23

FILED
1/26/2022 12:15 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Firm I.D. 38809
Lake County, Illinois

114PCI-644 (GMV/kln)

## IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent<br>Administrator of the Estate of ROBERT A.<br>GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2021 L 00780 |
| HARJEET SINGH and<br>AKAL TRANSIT, LLC, | ) ) ) | |
| Defendants. | ) ) | |

### PROOF OF SERVICE *VIA* E-MAIL

I, Kerri Nevarez, a non-attorney, certify that I served *Defendants 1) Interrogatories to Plaintiff; 2) Request for Production;3) Rule 237 Notice to Produce to Plaintiff, and 4) Notice of Deposition,* by e-mailing true copies of same to:

**VIA E-MAIL: SMURRAY@TPMBLEGAL.COM**
Mr. Sean P. Murray
Taxman, Pollock, Murray & Bekkerman, LLC
225 W. Wacker Drive, Suite 1650
Chicago, Illinois 60606

at or before 5:00 p.m. on January 26, 2022.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this proof of service are true and correct.

/s/: Kerri Nevarez

SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 2450
Chicago, Illinois 60602
Phone: (312) 803-6250
Firm I.D. No. 38809

# EXHIBIT D-24

# AMENDED EXHIBIT B

### THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>HARJEET SINGH, AKAL TRANSIT, LLC PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO.<br><br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. No.  21 L 00000780 |

### SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, and for her First Amended Complaint at Law against Defendants, HARJEET SINGH and AKAL TRANSIT, LLC, states as follows:

COUNT I
Grabnik v. Harjeet Singh
(Negligence - Survival Act)

1.    On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.    On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3. Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4. On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5. While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6. At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

7. At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

    (a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

2

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.     One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.     As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained suffered severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

10.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, HARJEET SINGH, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

3

<u>COUNT II</u>
<u>Grabnik v. Harjeet Singh</u>
(Negligence - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, HARJEET SINGH, and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6.    At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

7.    At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

 (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

 (b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

 (c) Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

 (d) Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

 (e) Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

 (f) Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

 (g) Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

5

8. One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9. As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

10. GINZABURO SUZUE left surviving the following heirs and next of kin:

    (a) his adult daughter, Tara Niemi;

    (b) his adult son, Tad Grabnik;

11. The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12. This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, HARJEET SINGH in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT III
Grabnik v. Akal Transit, LLC
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK,

MURRAY & BEKKERMAN, complains against the Defendant, AKAL TRANSIT, LLC, and states as follows:

1.      The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

5.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or

7

near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated

by HARJEET SINGH.

  8.  At that time and place, Defendant, HARJEET SINGH, individually and as an

agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty

of one or more of the following acts and/or omissions:

  (a)  Failed to exercise that degree of care and caution that a reasonable person
under similar circumstances would have exercised in the operation of the
tractor-trailer defendant HARJEET SINGH was driving;

  (b)  Failed to keep an adequate or any lookout for other drivers and traffic on
the road, including ROBERT A. GRABNIK, while driving the tractor-
trailer;

  (c)  Failed to sound the horn while driving the tractor-trailer when the use of
the horn was reasonably necessary to ensure the safety of others using the
road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-
705;

  (d)  Failed to make a right turn as close to the curb as practical to the right-
hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

  (e)  Failed to yield right-of-way when approaching an intersection in violation
of 625 ILCS 5/11-901;

  (f)  Failed to stop immediately at the scene of the collision after being
involved in an accident involving personal injury or death in violation of
625 ILCS 5/11-401;

  OR

  (g)  Failed to render aid to ROBERT GRABNIK following the accident in
violation of 625 ILCS 5/11-403.

  9.  As a direct and proximate result of one or more, or all, of the foregoing acts or

omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant

HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left

mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when

he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.    One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

11.    The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, AKAL TRANSIT, LLC, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT IV
Grabnik v. Akal Transit, LLC
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, AKAL TRANSIT, LLC, and states as follows:

1.    On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

9

2.    On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.    Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.    On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.    While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6.    At that time and place, Defendant, AKAL TRANSIT, LLC, by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

    (a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

10

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

7.    One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

8.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

9.    ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)    his adult daughter, Tara Niemi;

(b)    his adult son, Tad Grabnik;

10.    The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

11

11.    This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, AKAL TRANSIT, LLC, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT V
Grabnik v. Pepsi Logistics Company, Inc.
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, PEPSI LOGISTICS COMPANY, INC., and states as follows:

1.    The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.    On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3.    On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

12

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, PEPSI LOGISTICS COMPANY, INC.

5.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant PEPSI LOGISTICS COMPANY, INC and in the furtherance of his work for PEPSI LOGISTICS COMPANY, INC.

6.      On September 6, 2021, Defendant PEPSI LOGISTICS COMPANY, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

9.      At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of PEPSI LOGISTICS COMPANY, INC., was then and there guilty of one or more of the following acts and/or omissions:

(a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, PEPSI LOGISTICS COMPANY, INC., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11.    One or more of these acts and/or omissions of defendant, PEPSI LOGISTICS COMPANY, INC. by and through its agent, apparent agent, employee, or servant HARJEET

SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, PEPSI LOGISTICS COMPANY, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

<u>COUNT VI</u>
<u>Grabnik v. Pepsi Logistics Company, Inc.</u>
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, PEPSI LOGISTICS COMPANY, INC., and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, PEPSI LOGISTICS COMPANY, INC.

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant PEPSI LOGISTICS COMPANY, INC. and in the furtherance of his work for PEPSI LOGISTICS COMPANY, INC.

5.     On September 6, 2021, Defendant PEPSI LOGISTICS COMPANY, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.     At that time and place, Defendant, PEPSI LOGISTICS COMPANY, INC., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

    (a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the

road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.    One or more of these acts and/or omissions of Defendant, PEPSI LOGISTICS COMPANY, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, PEPSI LOGISTICS COMPANY, INC., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.    ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)    his adult daughter, Tara Niemi;

(b)    his adult son, Tad Grabnik;

17

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, PEPSI LOGISTICS COMPANY, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT VII
Grabnik v. Ocean Spray International, Inc.
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., and states as follows:

1.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois,

18

3.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, OCEAN SPRAY INTERNATIONAL, INC.

5.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant OCEAN SPRAY INTERNATIONAL, INC. and in the furtherance of his work for OCEAN SPRAY INTERNATIONAL, INC.

6.      On September 6, 2021, Defendant OCEAN SPRAY INTERNATIONAL, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

19

9. At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of OCEAN SPRAY INTERNATIONAL, INC., was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c) Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d) Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e) Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f) Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g) Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10. As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11.     One or more of these acts and/or omissions of defendant, OCEAN SPRAY INTERNATIONAL, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT VIII
Grabnik v. Ocean Spray International, Inc.
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

21

2. On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3. Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, OCEAN SPRAY INTERNATIONAL, INC.

4. On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant OCEAN SPRAY INTERNATIONAL, INC. and in the furtherance of his work for OCEAN SPRAY INTERNATIONAL, INC.

5. On September 6, 2021, Defendant OCEAN SPRAY INTERNATIONAL, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6. While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7. At that time and place, Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

    (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

22

(b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.    One or more of these acts and/or omissions of Defendant, OCEAN SPRAY INTERNATIONAL, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.    ROBERT A. GRABNIK left surviving the following heirs and next of kin:

      (a)     his adult daughter, Tara Niemi;

      (b)     his adult son, Tad Grabnik;

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT IX
Grabnik v. The Kroger Co.
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, THE KROGER CO., and states as follows:

1.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

24

3.   On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.   Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, THE KROGER CO.

5.   On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant THE KROGER CO. and in the furtherance of his work for THE KROGER CO.

6.   On September 6, 2021, Defendant THE KROGER CO. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.   While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.   At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

9.   At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of THE KROGER CO., was then and there guilty of one or more of the following acts and/or omissions:

25

(a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, THE KROGER CO., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11.    One or more of these acts and/or omissions of defendant, THE KROGER CO. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate

26

cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.    The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, THE KROGER CO., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT X
Grabnik v. The Kroger Co.
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, THE KROGER CO., and states as follows:

1.    On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.    On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, THE KROGER CO.

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant THE KROGER CO. and in the furtherance of his work for THE KROGER CO.

5.     On September 6, 2021, Defendant THE KROGER CO. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.     At that time and place, Defendant, THE KROGER CO., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

28

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.     One or more of these acts and/or omissions of Defendant, THE KROGER CO. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.     As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, THE KROGER CO., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.     ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)     his adult daughter, Tara Niemi;

(b)     his adult son, Tad Grabnik;

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740

ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the

Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the

Defendant, THE KROGER CO., in a sum in excess of fifty thousand dollars ($50,000) that will fairly

and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful

death of ROBERT A. GRABNIK, together with costs of this suit.

Respectfully submitted,

TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC

By: _____/s/___Sean P. Murray_____
                One of the Attorneys for the Plaintiff.

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No: 6275575
smurray@tpmblegal.com
bpollock@tpmblegal.com

# EXHIBIT D-25

**FILED**
**1/27/2022 3:24 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| SANDRA GRABNIK as Independent Administrator) | |
| of the Estate of ROBERT A. GRABNIK, Deceased ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 21 L 00000780 |
| ) | |
| HARJEET SINGH and AKAL TRANSIT, LLC ) | |
| ) | |
| Defendants, ) | |

## NOTICE OF FILING

TO:    George M. Velcich
        SUDEKUM, CASSIDY & SHULRUFF, CHTD
        20 North Clark Street, Suite 2450
        Chicago, Illinois 60602
        gmv@scslegal.com
        kn@scslegal.com
[Attorneys for Harjeet Singh and Akal Transit, LLC]

**PLEASE TAKE NOTICE** that on January 27, 2022, we electronically filed with the Clerk of Circuit Court of the Circuit Court of Lake County, Illinois,

- **Plaintiff's Amended "Exhibit B" to Plaintiff's Motion for Leave to File Second Amended Complaint at Law**

in the above captioned matter, a copy of which is served upon the above listed address by emailing from at 225 West Wacker Drive, Chicago, Illinois 60606.

**By: Taxman, Pollock, Murray & Bekkerman, LLC**

By:_____Sean P. Murray_____

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock ARDC #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

## **PROOF OF SERVICE**

The undersigned, non-attorney certifies that on January 27, 2022, a true and correct copy of the above document was filed with the Circuit Court of Lake County and was served by emailed on all counsel of record herein.

Christine M Kinnerk

# EXHIBIT D-26

**FILED**
**2/1/2022 5:02 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SANDRA GRABNIK, as Independent )
Administrator of the Estate of ROBERT A. )
GRABNIK, Deceased, )
                                )
      Plaintiff, )
                                  )
      v. )          No. No.  21 L 00000780
                                  )
HARJEET SINGH, AKAL TRANSIT, LLC )
PEPSI LOGISTICS COMPANY, INC., )
OCEAN SPRAY INTERNATIONAL, INC. )
and THE KROGER CO. )
                                  )
      Defendants, )

### NOTICE OF FILING

TO:   George M. Velcich
       SUDEKUM, CASSIDY & SHULRUFF, CHTD
       20 North Clark Street, Suite 2450
       Chicago, Illinois 60602
       gmv@scslegal.com
       kn@scslegal.com
[Attorneys for Harjeet Singh and Akal Transit, LLC]

     PLEASE TAKE NOTICE that on **February 1, 2022,** we have filed with the Clerk of the

Circuit Court of Lake County, Illinois **Plaintiff's Second Amended Complaint at Law,** in the

above matter, a copy of which is attached hereto.

                     **By: Taxman, Pollock, Murray & Bekkerman, LLC**

                     By: _____ Sean P. Murray _____

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
smurray@tpmblegal.com
bpollock@tpmblegal.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that on February 1, 2022, the following document was served by emailing a copy to each party to whom it is directed.

<u>Christine M. Kinnerk</u>

# EXHIBIT D-27



**IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FEB 0 1 2022

*Erin Cartwright Weinstein*
**CIRCUIT CLERK**

SANDRA GRABNIK as Independent Administrator )
of the Estate of ROBERT A. GRABNIK, Deceased )
                                )
      Plaintiff,                    )
                                )
      v.                         )      No. 21 L 00000780
                                )
HARJEET SINGH and AKAL TRANSIT, LLC )
                                )
      Defendants,               )

## <u>O R D E R</u>

THIS CAUSE coming to be heard pursuant to Plaintiff's Motion for leave to file her

Second Amended Complaint at Law; the Court being fully advised, the Court having jurisdiction

in this matter and over the parties hereto, due notice having been served,

IT IS HEREBY ORDERED that leave be and the same is hereby granted to the Plaintiff to

file her Second Amended Complaint at Law instanter, naming Pepsi Logistics Company, Inc.,

Ocean Spray International, Inc., and The Kroger Co., as additional party defendants within seven

days, with summons to issue.

**TAXMAN, POLLOCK, MURRAY &**
**BEKKERMAN, LLC**
225 W. Wacker, Suite 1650
Chicago, IL 60606
Tel: (312) 586-1700
smurray@tpmblegal.com
Attorney ID# 6275575

Date _____

ENTERED: _____
           Judge            Judge's No.

# EXHIBIT D-28

**FILED**
**2/1/2022 5:02 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. No.  21 L 00000780 |
| HARJEET SINGH, AKAL TRANSIT, LLC PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO. | ) ) ) ) ) | |
| Defendants, | ) ) | |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, and for her First Amended Complaint at Law against Defendants, HARJEET SINGH and AKAL TRANSIT, LLC, states as follows:

COUNT I
Grabnik v. Harjeet Singh
(Negligence - Survival Act)

1.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6.     At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

7.     At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.    One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.    As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained suffered severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

10.    The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, HARJEET SINGH, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

3

COUNT II
Grabnik v. Harjeet Singh
(Negligence - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, HARJEET SINGH, and states as follows:

1.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6. At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

7. At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c) Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d) Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e) Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f) Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g) Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

5

8.      One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.      As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

10.     GINZABURO SUZUE left surviving the following heirs and next of kin:

(a)      his adult daughter, Tara Niemi;

(b)      his adult son, Tad Grabnik;

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, HARJEET SINGH in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

<u>COUNT III</u>
<u>Grabnik v. Akal Transit, LLC</u>
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK,

MURRAY & BEKKERMAN, complains against the Defendant, AKAL TRANSIT, LLC, and states as follows:

1.      The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

5.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or

near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated

by HARJEET SINGH.

8.     At that time and place, Defendant, HARJEET SINGH, individually and as an

agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC., was then and there guilty

of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

9.     As a direct and proximate result of one or more, or all, of the foregoing acts or

omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant

HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left

mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when

he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.     One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

11.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, AKAL TRANSIT, LLC, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT IV
Grabnik v. Akal Transit, LLC
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, AKAL TRANSIT, LLC, and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

6.     At that time and place, Defendant, AKAL TRANSIT, LLC, by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

    (a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

      (d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

      (e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

      (f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

      OR

      (g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

7.     One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

8.     As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

9.     ROBERT A. GRABNIK left surviving the following heirs and next of kin:

      (a)     his adult daughter, Tara Niemi;

      (b)     his adult son, Tad Grabnik;

10.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

11.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, AKAL TRANSIT, LLC, in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

<u>COUNT V</u>
<u>Grabnik v. Pepsi Logistics Company, Inc.</u>
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, PEPSI LOGISTICS COMPANY, INC., and states as follows:

1.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

12

4.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, PEPSI LOGISTICS COMPANY, INC.

5.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant PEPSI LOGISTICS COMPANY, INC and in the furtherance of his work for PEPSI LOGISTICS COMPANY, INC.

6.      On September 6, 2021, Defendant PEPSI LOGISTICS COMPANY, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

9.      At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of PEPSI LOGISTICS COMPANY, INC., was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c) Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d) Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e) Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f) Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g) Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10.     As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, PEPSI LOGISTICS COMPANY, INC., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11.     One or more of these acts and/or omissions of defendant, PEPSI LOGISTICS COMPANY, INC. by and through its agent, apparent agent, employee, or servant HARJEET

14

SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, PEPSI LOGISTICS COMPANY, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT VI
Grabnik v. Pepsi Logistics Company, Inc.
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, PEPSI LOGISTICS COMPANY, INC., and states as follows:

1.      On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

15

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, PEPSI LOGISTICS COMPANY, INC.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant PEPSI LOGISTICS COMPANY, INC. and in the furtherance of his work for PEPSI LOGISTICS COMPANY, INC.

5.      On September 6, 2021, Defendant PEPSI LOGISTICS COMPANY, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.      At that time and place, Defendant, PEPSI LOGISTICS COMPANY, INC., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the

road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.    One or more of these acts and/or omissions of Defendant, PEPSI LOGISTICS COMPANY, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, PEPSI LOGISTICS COMPANY, INC., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.    ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)    his adult daughter, Tara Niemi;

(b)    his adult son, Tad Grabnik;

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, PEPSI LOGISTICS COMPANY, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT VII

Grabnik v. Ocean Spray International, Inc.

(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., and states as follows:

1.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

3.    On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.    Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, OCEAN SPRAY INTERNATIONAL, INC.

5.    On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant OCEAN SPRAY INTERNATIONAL, INC. and in the furtherance of his work for OCEAN SPRAY INTERNATIONAL, INC.

6.    On September 6, 2021, Defendant OCEAN SPRAY INTERNATIONAL, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.    While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.    At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

19

9.     At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of OCEAN SPRAY INTERNATIONAL, INC., was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10.     As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11.     One or more of these acts and/or omissions of defendant, OCEAN SPRAY INTERNATIONAL, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT VIII
Grabnik v. Ocean Spray International, Inc.
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, OCEAN SPRAY INTERNATIONAL, INC.

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant OCEAN SPRAY INTERNATIONAL, INC. and in the furtherance of his work for OCEAN SPRAY INTERNATIONAL, INC.

5.     On September 6, 2021, Defendant OCEAN SPRAY INTERNATIONAL, INC. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.     At that time and place, Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

22

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.     One or more of these acts and/or omissions of Defendant, OCEAN SPRAY INTERNATIONAL, INC. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.     As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, OCEAN SPRAY INTERNATIONAL, INC., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.     ROBERT A. GRABNIK left surviving the following heirs and next of kin:

23

(a)     his adult daughter, Tara Niemi;

(b)     his adult son, Tad Grabnik;

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, OCEAN SPRAY INTERNATIONAL, INC., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT IX
Grabnik v. The Kroger Co.
(Agency - Survival Act)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, THE KROGER CO., and states as follows:

1.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

2.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

24

3.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

4.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, THE KROGER CO.

5.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant THE KROGER CO. and in the furtherance of his work for THE KROGER CO.

6.     On September 6, 2021, Defendant THE KROGER CO. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

7.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

8.     At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

9.     At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of THE KROGER CO., was then and there guilty of one or more of the following acts and/or omissions:

     (a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

     (b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

     (c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11-705;

     (d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

     (e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

     (f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

     (g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

10.    As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, THE KROGER CO., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

11.    One or more of these acts and/or omissions of defendant, THE KROGER CO. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate

cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

12.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

WHEREFORE the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, THE KROGER CO., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

COUNT X
Grabnik v. The Kroger Co.
(Agency - Wrongful Death)

The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, complains against the Defendant, THE KROGER CO., and states as follows:

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

2.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, THE KROGER CO.

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant THE KROGER CO. and in the furtherance of his work for THE KROGER CO.

5.      On September 6, 2021, Defendant THE KROGER CO. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

7.      At that time and place, Defendant, THE KROGER CO., by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

8.     One or more of these acts and/or omissions of Defendant, THE KROGER CO. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

9.     As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, THE KROGER CO., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

10.     ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)     his adult daughter, Tara Niemi;

(b)     his adult son, Tad Grabnik;

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

12.    This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully prays for judgment against the Defendant, THE KROGER CO., in a sum in excess of fifty thousand dollars ($50,000) that will fairly and adequately compensate the Plaintiff for damages and injuries resulting from the wrongful death of ROBERT A. GRABNIK, together with costs of this suit.

Respectfully submitted,

TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC

By: _____/s/   Sean P. Murray _____
                    One of the Attorneys for the Plaintiff.

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No: 6275575
smurray@tpmblegal.com
bpollock@tpmblegal.com

# EXHIBIT D-29

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake _____ COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Independent Administrator of the Esta<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | Harjeet Singh and Akal Transit LLC et al.<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**21L00000780**
**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons,* or *Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:**<br>  a.  Defendant/Respondent's primary address/information for service:<br>      Name *(First, Middle, Last)*:  The Kroger Co.<br>      Registered Agent's name, if any:  Attn: Registered Agent Corporation Service Co.<br>      Street Address, Unit #:  50 West Broad Street Suite 1330<br>      City, State, ZIP:  Columbus, OH 43215<br>      Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/Respondent, if you have one. | b.  If you have more than one address where Defendant/Respondent might be found, list that here:<br>      Name *(First, Middle, Last)*: _____<br>      Street Address, Unit #: _____<br>      City, State, ZIP: _____<br>      Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/Respondent. | c.  Method of service on Defendant/Respondent:<br>      ☐ Sheriff        ☐ Sheriff outside Illinois: _____<br>                                            *County & State*<br>      ☑ Special process server      ☐ Licensed private detective |

Enter the Case Number given by the Circuit Clerk: 21L00000780

| In **2**, enter the amount of money owed to you. | 2. | **Information about the lawsuit:** |
| | | Amount claimed: $ 50,000.00 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | 3. | **Contact information for the Plaintiff/Petitioner:** |

3. **Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: TPMB LLC - Sean P. Murray

Street Address, Unit #: 225 West Wacker Drive, Suite 1650

City, State, ZIP: Chicago, Illinois 60606

Telephone: (312) 586-1700     Email: smurray@tpmblegal.com

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | 4. | **Instructions for person receiving this *Summons* (Defendant):** |
| | ☑ a. | To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at: |
| | | Address: _____ |
| | | City, State, ZIP: _____ |

In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.*

| | ☐ b. | Attend court: |
| | | On: _____ at _____ ☐ a.m. ☐ p.m. in _____ |
| | | *Date* *Time* *Courtroom* |
| | | **In-person at:** |

In **4b**, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website. All of this information is available from the Circuit Clerk.

_____ _____ _____ _____
*Courthouse Address* *City* *State* *ZIP*
OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _____
*Call-in number for telephone remote appearance*

By video conference: _____
*Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
*Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
*Website*

---

| **STOP!** The Circuit Clerk will fill in this section. | Witness this Date: 2/3/2022 _____ |
| | Clerk of the Court: *Erin Cartwright Weinstein* |
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.** |
| | Date of Service: _____ |
| | *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Lake _____ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Independent Administrator of the Esta | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. Harjeet Singh and Akal Transit LLC et al. | |
| | **Defendant / Respondent** *(First, middle, last name)* | 21L00000780 |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
       *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
      Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
      Address, Unit#: _____
      City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
      member or lives there:
      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
      Address, Unit#: _____
      City, State, ZIP: _____
      And left it with: _____
                           *First, Middle, Last*
      Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
      and by sending a copy to this defendant in a postage-paid, sealed envelope to the
      above address on _____ , 20 _____ .

    ☐ On the Corporation's agent, _____
                                        *First, Middle, Last*
      Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
      Address: _____
      City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 21L00000780

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury. |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_____
*Signature by:*   ☐ Sheriff
                  ☐ Sheriff outside Illinois:
_____
                  *County and State*
                  ☐ Special process server
                  ☐ Licensed private detective

_____
*Print Name*

**FEES**
Service and Return:   $ _____
Miles _____   $ _____
Total                $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT D-30

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake _____ COUNTY | SUMMONS | For Court Use Only |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Indepedent Administrator of Estate of<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/Respondents. | Harjeet Singh and Akal Transit LLC et al.<br>**Defendant / Respondent** *(First, middle, last name)* | 21L00000780<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | 1. | **Defendant/Respondent's address and service information:** |
|---|---|---|

In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

a. Defendant/Respondent's primary address/information for service:
Name *(First, Middle, Last)*:  PEPSI LOGISTICS COMPANY, INC
Registered Agent's name, if any:  Attn: Registered Agent Philip Marineau
Street Address, Unit #:  5600 Headquarters Drive
City, State, ZIP:  Plano Tx 75024-5838
Telephone: _____ Email: _____

In **1b**, enter a second address for Defendant/Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:
Name *(First, Middle, Last)*: _____
Street Address, Unit #: _____
City, State, ZIP: _____
Telephone: _____ Email: _____

In **1c**, check how you are sending your documents to Defendant/Respondent.

c. Method of service on Defendant/Respondent:
☐ Sheriff          ☐ Sheriff outside Illinois:  Collin County, Texas
                                                *County & State*
☑ Special process server     ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk: 21L00000780

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: $ 50,000.00 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: TPMB LLC - Sean P. Murray<br>Street Address, Unit #: 225 West Wacker Drive, Suite 1650<br>City, State, ZIP: Chicago, Illinois 60606<br>Telephone: (312) 586-1700    Email: smurray@tpmblegal.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a.  To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address:<br>City, State, ZIP: |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b.  Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>　　　*Date*　　　　　　*Time*　　　　　　　　　*Courtroom*<br>**In-person at:** |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | *Courthouse Address*　　*City*　　　　　*State*　　*ZIP*<br>OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>　　By telephone: _____<br>　　　　　　　　*Call-in number for telephone remote appearance*<br>　　By video conference: _____<br>　　　　　　　　*Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>　　　　　　　　*Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>　*Website* |
| **STOP!**<br>The Circuit Clerk will fill in this section. | Witness this Date: 2/3/2022<br>Clerk of the Court: *Erin Cartwright Weinstein* |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of the witness date. BC<br><br>Date of Service: _____<br>(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.) |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Independent Administrator of Estate of<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.<br><br>Harjeet Singh and Akal Transit LLC et al.<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

21L00000780
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**
_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
    member or lives there:
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____
    And left it with: _____
    *First, Middle, Last*
    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
    and by sending a copy to this defendant in a postage-paid, sealed envelope to the
    above address on _____ , 20 _____ .
    ☐ On the Corporation's agent, _____
    *First, Middle, Last*
    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: <u>21L00000780</u>

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.   On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

2.   On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

3.   On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, <u>735 ILCS 5/1-109</u>, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

                 _____
                 *County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return:   $ _____
Miles _____      $ _____
Total                $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT D-31

**FILED**
**2/7/2022 1:15 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
Firm I.D. 38809
**Lake County, Illinois**

114PCI-644 (GMV/kln)

### IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 2021 L 00780 |
| HARJEET SINGH and AKAL TRANSIT, LLC, ) ) ) ) | |
| Defendants. ) | |

### DEFENDANTS AKAL TRANSIT, LLC's
### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COMES Defendant AKAL TRANSIT, LLC ("Akal Transit") by and through its attorneys, SUDEKUM, CASSIDY & SHULRUFF, CHTD., and for its Answer to the Second Amended Complaint at law of Plaintiff, ROBERT A. GRABNIK ("Complaint"), states as follows:

### Counts I-II

Counts I and II are not directed to this Defendant and therefore, require no answer from this Defendant. Answering in the alternative and to the extent that any of the allegations contained in Counts I and II are directed to this Defendant, Akal Transit denies those allegations.

### Count III
### Grabnik v. Akal Transit, LLC
### (Agency – Survival Act)

1. The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Act.

**ANSWER:** Akal Transit admits only that Plaintiff brings this action under the Illinois Survial Statute, but denies that she is entitled to any recovery from this Defendant under said Statute and otherwise denies the rest and remaining allegations of Paragraph 1, insofar as they have not been admitted.

2. On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

**ANSWER:** Akal Transit admits only that Robert A. Grabnik was operating a motorcycle in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, Akal Transit denies the rest and remaining allegations contained in Paragraph 2, insofar as they have not been admitted.

3. On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

**ANSWER:** Akal Transit admits only that Defendant Singh was operating a tractor-trailer in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, Akal Transit denies the rest and remaining allegations contained in Paragraph 3, insofar as they have not been admitted.

4. Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

**ANSWER:** Akal Transit admits the allegations contained in Paragraph 4.

5. On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

**ANSWER:** **Paragraph 5, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 5 require an answer, Akal Transit admits the allegations contained in Paragraph 5.**

6.    While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

**ANSWER:** **Paragraph 6, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 6 require an answer and to the extent that any such legal duties existed, Akal Transit denies that Defendant Singh violated any such duties and otherwise denies the rest and remaining allegations contained in Paragraph 6.**

7.    At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

**ANSWER:** **Akal Transit denies the allegations contained in Paragraph 7.**

8.    At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC, was then and there guilty of one or more of the following acts and/or omissions:

    (a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

        or

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

**ANSWER:     Akal Transit denies the allegations contained in Paragraph 8 and specifically denies the allegations contained in subparagraphs (a) through (g), inclusive.**

9.      As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant HARJEET SINGH, the decedent,, ROBERT A. GRABNIK, suffered multipole fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH, all of which caused or contributed to his death.

**ANSWER:     Akal Transit denies the allegations contained in Paragraph 9.**

10.     One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

**ANSWER:     Akal Transit denies the allegations contained in Paragraph 10.**

4

11.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of

ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6

known as the Illinois Survival Statute.

**ANSWER:     Akal Transit admits only that Plaintiff brings this action under the Illinois Survival Statute, but denies that she is entitled to any recovery from this Defendant under said Statute and otherwise denies the rest and remaining allegations of Paragraph 11, insofar as they have not been admitted.**

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys,

Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount

whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with

the costs of this action.

### Count IV
### Grabnik v. Akal Transit, LLC
### (Agency – Wrongful Death)

1.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007

Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or

near Kilbourne Road, Zion, Illinois.

**ANSWER:     Akal Transit admits only that Plaintiff was operating a motorcycle in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, Akal Transit denies the rest and remaining allegations contained in Paragraph 1, insofar as they have not been admitted.**

2.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner

semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from

southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

**ANSWER:     Akal Transit admits only that Defendant Singh was operating a tractor-trailer in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, Akal Transit denies the rest and remaining allegations contained in Paragraph 2, insofar as they**

**have not been admitted.**

3.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

**ANSWER:     Akal Transit admits the allegations contained in Paragraph 3.**

4.     On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

**ANSWER:     Paragraph 4, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 4 require an answer, Akal Transit admits the allegations contained in Paragraph 4.**

5.     While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

**ANSWER:     Paragraph 5, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 5 require an answer and to the extent that any such legal duties existed, Akal Transit denies that Defendant Singh violated any such duties and otherwise denies the rest and remaining allegations contained in Paragraph 5.**

6.     At that time and place, Defendant, AKAL TRANSIT, LLC, by and through its agent, apparent agent, employee, or servant, HARJEET SINGH, was then and there guilty of one or more of the following acts and/or omissions:

6

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)     Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

or

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

**ANSWER:     Akal Transit denies the allegations contained in Paragraph 6 and specifically denies the allegations contained in subparagraphs (a) through (g), inclusive.**

7.      One or more of these acts and/or omissions of defendant, AKAL TRANSIT, LLC by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

**ANSWER:     Akal Transit denies the allegations contained in Paragraph 7.**

8.      As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, AKAL TRANSIT, LLC, by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he

7

was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

**ANSWER:** **Akal Transit denies the allegations contained in Paragraph 8.**

9. ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a) his adult daughter, Tara Niemi;

(b) his adult son, Tad Grabnik;

**ANSWER:** **Akal Transit lacks sufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 9 and therefore, neither admits nor denies the allegations contained in Paragraph 9, but demands strict proof thereof.**

10. The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

**ANSWER:** **Akal Transit denies the allegations contained in Paragraph 10.**

11. This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

**ANSWER:** **Akal Transit admits only that Plaintiff brings this action under the Illinois Wrongful Death Act, but denies that she is entitled to any recovery from this Defendant under said Act and otherwise denies the rest and remaining allegations of Paragraph 11, insofar as they have not been admitted.**

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action.

### Counts V-X

Counts V, VI, VII, VIII, IX and X are not directed to this Defendant and therefore, require no answer from this Defendant. Answering in the alternative and to the extent that any of the allegations contained in Counts V, VI, VII, VIII, IX and X are directed to this Defendant, Akal Transit denies those allegations.

### AFFIRMATIVE DEFENSES

Without prejudice to any of the answer or responses contained it its Answer above, Defendant AKAL TRANSIT, LLC asserts the following as its Affirmative Defenses to Plaintiffs' Complaint at Law.

### First Affirmative Defense

1.      Upon information and belief, Plaintiff's decedent, ROBERT GRABNIK, was operating a motorcycle in the vicinity of Kilbourn and Russell Roads in Zion, Lake County, Illinois.

2.      At all relevant times, Plaintiff's decedent, ROBERT A. GRABNIK, had a duty to had a duty to operate his motorcycle in a safe and reasonable manner and to exercise due caution for his own safety.

3.      That notwithstanding his aforesaid duty, Plaintiff's decedent was guilty of one or more or all of the following negligent acts or omissions:

a.      Failed to keep a proper lookout;

b.      Failed to maintain awareness of his surroundings;

c.      Failed to adhere to laws, rules, procedures, or protocol;

d.      Failed to maintain proper control of his motorcycle;

e.      Operated his motorcycle at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway;

f.     Failed to maneuver his motorcycle in a safe manner so as to avoid losing control of his own vehicle on the roadway; and

g.     Failed to decrease speed when approaching and entering an intersection or when special hazard existed with respect to other traffic.

4.     That as a direct and proximate result of one or more of all of the aforesaid negligent acts or omissions to act, Plaintiff suffered the damages of which she complains in the Complaint.

5.     The Complaint and each of its causes of action are barred, limited, or all, or at least some, of Plaintiffs' recoveries should be reduced by Plaintiff's decedent's negligence or other fault, pursuant to the doctrine of comparative fault.

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action.

## Second Affirmative Defense

Any injuries or damages claimed by Plaintiffs were the result of the negligence, misconduct and fault of third persons for whose conduct AKAL TRANSIT, LLC. is not responsible.

## Third Affirmative Defense

In the event that AKAL TRANSIT, LLC., is found liable for any of Plaintiff's injuries or damages, AKAL TRANSIT, LLC.'s liability is less than 25% of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any third party defendant and therefore AKAL TRANSIT, LLC. shall be only severally liable for damages other than Plaintiff's past and future

medical and medically related expenses, pursuant to 735 ILCS 5/2-1117, which provides as follows:

> (from Ch. 110, par. 2-1117)   Except as provided in Section 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants except the plaintiff's employer, shall be jointly and severally liable for all other damages.

(735 ILCS 5/2-1117)

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action and to the extent that AKAL TRANSIT, LLC. is found liable, AKAL TRANSIT, LLC. shall be only severally liable for damages other than Plaintiff's past and future medical and medically related expenses.

Respectfully Submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By:    /s/: George M. Velcich
       Attorneys for Defendant

George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, IL 60602
Phone:  (312) 803-6250
E-Mail:  gmv@scslegal.com

11

# EXHIBIT D-32

114PCI-728 (GMV/kln)

FILED
2/7/2022 1:15 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

**IN THE CIRCUIT COURT OF THE NINETEETH JUDICIAL CIRCUIT OF**
**LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| ROBERT A. GRABNIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2021 L 00780 |
| | ) | |
| HARJEET SINGH and | ) | |
| AKAL TRANSIT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF FILING</u>

<u>VIA E-MAIL: SMURRAY@TPMBLEGAL.COM</u>
To:   Mr. Sean P. Murray
      Taxman, Pollock, Murray & Bekkerman, LLC
      225 W. Wacker Drive, Suite 1650
      Chicago, Illinois 60606

      PLEASE TAKE NOTICE that on the 7th day of February, 2022, we filed with the Clerk
of the Circuit Court of Lake County, Illinois, *Defendant Harjeet Singh's Answer to Plaintiff's*
*Second Amended Complaint and Akal Transit, LLC's Answer to Plaintiff's Second Amended*
*Complaint,* copies of which are being filed and served upon you together with this notice.

                              SUDEKUM, CASSIDY & SHULRUFF, CHTD.


                         By: /s/: George M. Velcich
                              Attorneys for Defendants

George M. Velcich (gmv@scslegal.com)
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
Phone: (312) 803-6250
ARDC No.:   3127772

## <u>PROOF OF SERVICE *VIA* ELECTRONIC MAIL</u>

      The undersigned, a non-attorney, certify that I served this Notice by emailing a copy to the parties
to whom this Notice is directed at their respective email address, referenced above, at or before 5:00 p.m.
on February 7, 2022.

[x] Under penalties as provided by law pursuant to 735 ILCS          Date: February 7, 2022
5/1-109(1993), I certify that the statements set forth herein
are true and correct.                                              /s/: Kerri Nevarez
                                                                         Signature

# EXHIBIT D-33

FILED
2/7/2022 1:15 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

114PCI-644 (GMV/kln)

Firm I.D. 38809

### IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent | ) | |
| Administrator of the Estate of ROBERT A. | ) | |
| GRABNIK, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2021 L 00780 |
| | ) | |
| HARJEET SINGH and | ) | |
| AKAL TRANSIT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS HARJEET SINGH's
### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COMES Defendant HARJEET SINGH, by and through his attorneys, SUDEKUM,

CASSIDY & SHULRUFF, CHTD., and for his Answer to the Second Amended Complaint at

law of Plaintiff, SANDRA GRABNIK ("Complaint"), states as follows:

### Count I
### Grabnik v. Akal Transit, LLC
### (Negligence – Survival Act)

1.    On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007

Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or

near Kilbourne Road, Zion, Illinois.

**ANSWER:    This Defendant admits only that Robert A. Grabnik was operating a
motorcycle in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on
the date described in the Complaint.  Answering further, this Defendant
denies the rest and remaining allegations contained in Paragraph 1, insofar
as they have not been admitted.**

2. On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

**ANSWER:** **This Defendant admits only that Defendant Singh was operating a tractor-trailer in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, this Defendant denies the rest and remaining allegations contained in Paragraph 2, insofar as they have not been admitted.**

3. Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

**ANSWER:** **This Defendant admits the allegations contained in Paragraph 3.**

4. On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

**ANSWER:** **Paragraph 4, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 4 require an answer, this Defendant admits the allegations contained in Paragraph 4.**

5. While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

**ANSWER:** **Paragraph 5, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 5 require an answer and to the extent that any such legal duties existed, this Defendant denies that he violated any such duties and otherwise denies the rest and remaining allegations contained in Paragraph 5.**

6.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

**ANSWER:      This Defendant denies the allegations contained in Paragraph 6.**

7.      At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC,  was then and there guilty of one or more of the following acts and/or omissions:

(a)      Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)      Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

(c)      Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

(d)      Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)      Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)      Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

        or

(g)      Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

**ANSWER:      This Defendant denies the allegations contained in Paragraph 7 and specifically denies the allegations contained in subparagraphs (a) through (g), inclusive.**

3

8.      One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

**ANSWER:**     **This Defendant denies the allegations contained in Paragraph 8.**

9.      As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, Decedent, ROBERT A. GRABNIK, sustained suffered severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBERT A. GRABNIK died on October 28, 2021.

**ANSWER:**     **This Defendant denies the allegations contained in Paragraph 9.**

10.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

**ANSWER:**     **This Defendant admits only that Plaintiff brings this action under the Illinois Survival Statute, but denies that she is entitled to any recovery from this Defendant under said Statute and otherwise denies the rest and remaining allegations of Paragraph 10, insofar as they have not been admitted.**

WHEREFORE, Defendant, HARJEET SINGH., by and through his attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in his favor and against Plaintiff along with the costs of this action.

**Count II**
**Grabnik v. Harjeet Singh**
**(Negligence – Wrongful Death)**

1. On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

ANSWER: This Defendant admits only that Robert A. Grabnik was operating a motorcycle in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, this Defendant denies the rest and remaining allegations contained in Paragraph 1, insofar as they have not been admitted.

2. On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

ANSWER: This Defendant admits only that Defendant Singh was operating a tractor-trailer in the vicinity of Russell and Kilbourne Roads in Zion, Illinois on the date described in the Complaint. Answering further, this Defendant denies the rest and remaining allegations contained in Paragraph 2, insofar as they have not been admitted.

3. Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, AKAL TRANSIT, LLC.

ANSWER: This Defendant admits the allegations contained in Paragraph 3.

4. On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant AKAL TRANSIT, LLC and in the furtherance of his work for AKAL TRANSIT, LLC.

5

**ANSWER:** Paragraph 4, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 4 require an answer, this Defendant admits the allegations contained in Paragraph 4.

5.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

**ANSWER:** Paragraph 5, which states conclusions of law, requires no answer. Responding in the alternative and to the extent that the allegations of Paragraph 5 require an answer and to the extent that any such legal duties existed, this Defendant denies that he violated any such duties and otherwise denies the rest and remaining allegations contained in Paragraph 5.

6.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

**ANSWER:** This Defendant denies the allegations contained in Paragraph 6.

7.      At that time and place, Defendant, HARJEET SINGH, individually and as agent, apparent agent, servant, or employee of AKAL TRANSIT, LLC, was then and there guilty of one or more of the following acts and/or omissions:

    (a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

    (b)    Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor-trailer;

    (c)    Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11-705;

6

(d)    Failed to make a right turn as close to the curb as practical to the right-hand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)    Failed to yield right-of-way when approaching an intersection in violation of 625 ILCS 5/11-901;

(f)    Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

or

(g)    Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

**ANSWER:**    **This Defendant denies the allegations contained in Paragraph 7 and specifically denies the allegations contained in subparagraphs (a) through (g), inclusive.**

8.    One or more of these acts and/or omissions of defendant, HARJEET SINGH was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

**ANSWER:**    **This Defendant denies the allegations contained in Paragraph 8.**

9.    As a direct and proximate result of one or more of these following acts and/or omissions by Defendant, HARJEET SINGH, the decedent, ROBERT A. GRABNIK, sustained severe injuries when he was struck by the motor vehicle being driven by HARJEET SINGH; and as a result of his injuries, ROBDERT A. GRABNIK died on October 28, 2021.

**ANSWER:**    **This Defendant denies the allegations contained in Paragraph 9.**

10.    ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a)    his adult daughter, Tara Niemi;

(b)    his adult son, Tad Grabnik;

**ANSWER:** This Defendant lacks sufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 10 and therefore, neither admits nor denies the allegations contained in Paragraph 10, but demands strict proof thereof.

11.     The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

**ANSWER:** This Defendant denies the allegations contained in Paragraph 11.

12.     This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

**ANSWER:** This Defendant admits only that Plaintiff brings this action under the Illinois Wrongful Death Act, but denies that she is entitled to any recovery from this Defendant under said Act and otherwise denies the rest and remaining allegations of Paragraph 12, insofar as they have not been admitted.

WHEREFORE, Defendant, HARJEET SINGH., by and through his attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in his favor and against Plaintiff along with the costs of this action.

## Counts III-X

Counts III, IV, V, VI, VII, VIII, IX and X are not directed to this Defendant and therefore, require no answer from this Defendant.  Answering in the alternative and to the extent that any of the allegations contained in Counts III, IV, V, VI, VII, VIII, IX or X are directed to this Defendant, Akal Transit denies those allegations.

8

## AFFIRMATIVE DEFENSES

Without prejudice to any of the answer or responses contained it its Answer above, Defendant HARJEET SINGH asserts the following as his Affirmative Defenses to Plaintiffs' Complaint at Law.

### First Affirmative Defense

1.      Upon information and belief, Plaintiff's decedent, ROBERT GRABNIK, was operating a motorcycle in the vicinity of Kilbourn and Russell Roads in Zion, Lake County, Illinois.

2.      At all relevant times, Plaintiff 's decedent, ROBERT A. GRABNIK, had a duty to had a duty to operate his motorcycle in a safe and reasonable manner and to exercise due caution for his own safety.

3.      That notwithstanding his aforesaid duty, Plaintiff's decedent was guilty of one or more or all of the following negligent acts or omissions:

a.      Failed to keep a proper lookout;

b.      Failed to maintain awareness of his surroundings;

c.      Failed to adhere to laws, rules, procedures, or protocol;

d.      Failed to maintain proper control of his motorcycle;

e.      Operated his motorcycle at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway;

f.      Failed to maneuver his motorcycle in a safe manner so as to avoid losing control of his own vehicle on the roadway; and

g.      Failed to decrease speed when approaching and entering an intersection or when special hazard existed with respect to other traffic.

4.     That as a direct and proximate result of one or more of all of the aforesaid negligent acts or omissions to act by Plaintiff's decedent, Plaintiff suffered the damages of which she complains in the Complaint.

5.     The Complaint and each of its causes of action are barred, limited, or all, or at least some, of Plaintiffs' recoveries should be reduced by Plaintiff's decedent's negligence or other fault, pursuant to the doctrine of comparative fault.

WHEREFORE, Defendant, HARJEET SINGH, by and through his attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action.

### Second Affirmative Defense

Any injuries or damages claimed by Plaintiffs were the result of the negligence, misconduct and fault of third persons for whose conduct HARJEET SINGH. is not responsible.

### Third Affirmative Defense

In the event that HARJEET SINGH., is found liable for any of Plaintiff's injuries or damages, HARJEET SINGH's liability is less than 25% of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any third party defendant and therefore HARJEET SINGH shall be only severally liable for damages other than Plaintiff's past and future medical and medically related expenses, pursuant to 735 ILCS 5/2-1117, which provides as follows:

> (from Ch. 110, par. 2-1117)   Except as provided in Section 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25%

of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants except the plaintiff's employer, shall be jointly and severally liable for all other damages.

(735 ILCS 5/2-1117)

WHEREFORE, Defendant, HARJEET SINGH, by and through his attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in his favor and against Plaintiff along with the costs of this action and to the extent that HARJEET SINGH is found liable, HARJEET SINGH. shall be only severally liable for damages other than Plaintiff's past and future medical and medically related expenses.

Respectfully Submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By:     /s/: George M. Velcich
         Attorneys for Defendant

George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 2450
Chicago, IL 60602
Phone: (312) 803-6250
E-Mail: gmv@scslegal.com
Firm I.D. 38809

# EXHIBIT D-34

FILED
2/10/2022 3:50 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

114PCI-644 (GMV/kln)

## IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2021 L 00780 |
| HARJEET SINGH and AKAL TRANSIT, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS AKAL TRANSIT, LLC's
## AMENDED AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COMES Defendant AKAL TRANSIT, LLC ("Akal Transit") by and through its attorneys, SUDEKUM, CASSIDY & SHULRUFF, CHTD., and for its Amended Affirmative Defenses to the Second Amended Complaint at law of Plaintiff, SANDRA GRABNIK ("Complaint"), states as follows:

### AFFIRMATIVE DEFENSES

Without prejudice to any of the answer or responses contained it its Answer above, Defendant AKAL TRANSIT, LLC asserts the following as its Affirmative Defenses to Plaintiffs' Complaint at Law.

### First Affirmative Defense

1.      Upon information and belief, Plaintiff's decedent, ROBERT GRABNIK, was operating a motorcycle in the vicinity of Kilbourn and Russell Roads in Zion, Lake County, Illinois.

2.    At all relevant times, Plaintiff's decedent, ROBERT A. GRABNIK, had a duty to

had a duty to operate his motorcycle in a safe and reasonable manner and to exercise due caution

for his own safety.

3.    That notwithstanding his aforesaid duty, Plaintiff's decedent was guilty of one or

more or all of the following negligent acts or omissions:

a.    Failed to keep a proper lookout;

b.    Failed to maintain awareness of his surroundings;

c.    Failed to maintain proper control of his motorcycle;

d.    Operated his motorcycle at a speed which was greater than was reasonable and
proper with regard to traffic conditions and the use of the highway;

e.    Failed to maneuver his motorcycle in a safe manner so as to avoid losing control
of his own vehicle on the roadway; and

f.    Failed to decrease speed when approaching and entering an intersection or when
special hazard existed with respect to other traffic.

4.    That as a direct and proximate result of one or more of all of the aforesaid

negligent acts or omissions to act, Plaintiff suffered the damages of which she complains in the

Complaint.

5.    The Complaint and each of its causes of action are barred, limited, or all, or at

least some, of Plaintiffs' recoveries should be reduced by Plaintiff's decedent's negligence or

other fault, pursuant to the doctrine of comparative fault.

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys,

Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount

whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with

the costs of this action.

**Second Affirmative Defense**

1.     Upon information and belief, Plaintiff's decedent, ROBERT GRABNIK, was operating a motorcycle in the vicinity of Kilbourn and Russell Roads in Zion, Lake County, Illinois.

2.     At all relevant times, Plaintiff's decedent, ROBERT A. GRABNIK, had a duty to had a duty to operate his motorcycle in a safe and reasonable manner and to exercise due caution for his own safety.

3.     That notwithstanding his aforesaid duty, Plaintiff's decedent was guilty of one or more or all of the following negligent acts or omissions:

    a.    Failed to keep a proper lookout;

    b.    Failed to maintain awareness of his surroundings;

    c.    Failed to maintain proper control of his motorcycle;

    d.    Operated his motorcycle at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway;

    e.    Failed to maneuver his motorcycle in a safe manner so as to avoid losing control of his own vehicle on the roadway; and

    f.    Failed to decrease speed when approaching and entering an intersection or when special hazard existed with respect to other traffic.

4.     That as a direct and proximate result of one or more of all of the aforesaid negligent acts or omissions to act, Plaintiff suffered the damages of which she complains in the Complaint.

5.     In the event that AKAL TRANSIT, LLC., is found liable for any of Plaintiff's injuries or damages, AKAL TRANSIT, LLC.'s liability is less than 25% of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any third party defendant and therefore AKAL TRANSIT, LLC. shall be only severally liable for damages other than

Plaintiff's past and future medical and medically related expenses, pursuant to 735 ILCS 5/2-1117, which provides as follows:

> (from Ch. 110, par. 2-1117)   Except as provided in Section 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants except the plaintiff's employer, shall be jointly and severally liable for all other damages.

(735 ILCS 5/2-1117)

WHEREFORE, Defendant, AKAL TRANSIT, LLC., by and through its attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action and to the extent that AKAL TRANSIT, LLC. is found liable, AKAL TRANSIT, LLC. shall be only severally liable for damages other than Plaintiff's past and future medical and medically related expenses.

Respectfully Submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By:     /s/: George M. Velcich
        Attorneys for Defendant

George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, IL 60602
Phone:  (312) 803-6250
E-Mail:  gmv@scslegal.com

# EXHIBIT D-35

FILED
2/10/2022 3:50 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

114PCI-728 (GMV/kln)

**IN THE CIRCUIT COURT OF THE NINETEETH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

ROBERT A. GRABNIK, )
                )
       Plaintiff, )
                )
v. )    No. 2021 L 00780
                )
HARJEET SINGH and )
AKAL TRANSIT, LLC, )
                )
       Defendants. )

**NOTICE OF FILING**

**VIA E-MAIL: SMURRAY@TPMBLEGAL.COM**
To:   Mr. Sean P. Murray
      Taxman, Pollock, Murray & Bekkerman, LLC
      225 W. Wacker Drive, Suite 1650
      Chicago, Illinois 60606

       PLEASE TAKE NOTICE that on the 10th day of February, 2022, we filed with the Clerk of the Circuit Court of Lake County, Illinois, *Defendant Harjeet Singh's Amended Affirmative Defenses to Plaintiff's Second Amended Complaint and Akal Transit, LLC's Amended Affirmative Defenses to Plaintiff's Second Amended Complaint,* copies of which are being filed and served upon you together with this notice.

                SUDEKUM, CASSIDY & SHULRUFF, CHTD.

                By: /s/: George M. Velcich
                    Attorneys for Defendants

George M. Velcich (gmv@scslegal.com)
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
Phone: (312) 803-6250
ARDC No.:   3127772

**PROOF OF SERVICE *VIA* ELECTRONIC MAIL**

       The undersigned, a non-attorney, certify that I served this Notice by emailing a copy to the parties to whom this Notice is directed at their respective email address, referenced above, at or before 5:00 p.m. on February 10, 2022.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109(1993), I certify that the statements set forth herein are true and correct.

Date: February 10, 2022

/s/: Kerri Nevarez
       Signature

# EXHIBIT D-36

FILED
2/10/2022 3:50 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

114PCI-728 (GMV/kln)

## IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2021 L 00780 |
| HARJEET SINGH and AKAL TRANSIT, LLC, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS HARJEET SINGH's
### AMENDED AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COMES Defendant HARJEET SINGH, by and through his attorneys, SUDEKUM,

CASSIDY & SHULRUFF, CHTD., and for his Amended Affirmative Defenses to the Second

Amended Complaint at law of Plaintiff, SANDRA GRABNIK ("Complaint"), states as follows:

### AFFIRMATIVE DEFENSES

Without prejudice to any of the answer or responses contained it its Answer above,

Defendant HARJEET SINGH asserts the following as his Affirmative Defenses to Plaintiffs'

Complaint at Law.

### First Affirmative Defense

1.      Upon information and belief, Plaintiff's decedent, ROBERT GRABNIK, was

operating a motorcycle in the vicinity of Kilbourn and Russell Roads in Zion, Lake County,

Illinois.

2.      At all relevant times, Plaintiff's decedent, ROBERT A. GRABNIK, had a duty to had a duty to operate his motorcycle in a safe and reasonable manner and to exercise due caution for his own safety.

3.      That notwithstanding his aforesaid duty, Plaintiff's decedent was guilty of one or more or all of the following negligent acts or omissions:

a.      Failed to keep a proper lookout;

b.      Failed to maintain awareness of his surroundings;

c.      Failed to maintain proper control of his motorcycle;

d.      Operated his motorcycle at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway;

e.      Failed to maneuver his motorcycle in a safe manner so as to avoid losing control of his own vehicle on the roadway; and

f.      Failed to decrease speed when approaching and entering an intersection or when special hazard existed with respect to other traffic.

4.      That as a direct and proximate result of one or more of all of the aforesaid negligent acts or omissions to act by Plaintiff's decedent, Plaintiff suffered the damages of which she complains in the Complaint.

5.      The Complaint and each of its causes of action are barred, limited, or all, or at least some, of Plaintiffs' recoveries should be reduced by Plaintiff's decedent's negligence or other fault, pursuant to the doctrine of comparative fault.

WHEREFORE, Defendant, HARJEET SINGH, by and through his attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in its favor and against Plaintiff along with the costs of this action.

2

**Second Affirmative Defense**

1.     Upon information and belief, Plaintiff's decedent, ROBERT GRABNIK, was operating a motorcycle in the vicinity of Kilbourn and Russell Roads in Zion, Lake County, Illinois.

2.     At all relevant times, Plaintiff 's decedent, ROBERT A. GRABNIK, had a duty to had a duty to operate his motorcycle in a safe and reasonable manner and to exercise due caution for his own safety.

3.     That notwithstanding his aforesaid duty, Plaintiff's decedent was guilty of one or more or all of the following negligent acts or omissions:

a.     Failed to keep a proper lookout;

b.     Failed to maintain awareness of his surroundings;

c.     Failed to maintain proper control of his motorcycle;

d.     Operated his motorcycle at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway;

e.     Failed to maneuver his motorcycle in a safe manner so as to avoid losing control of his own vehicle on the roadway; and

f.     Failed to decrease speed when approaching and entering an intersection or when special hazard existed with respect to other traffic.

4.     That as a direct and proximate result of one or more of all of the aforesaid negligent acts or omissions to act by Plaintiff's decedent, Plaintiff suffered the damages of which she complains in the Complaint.

5.     In the event that HARJEET SINGH., is found liable for any of Plaintiff's injuries or damages, HARJEET SINGH's liability is less than 25% of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any third party defendant and therefore HARJEET SINGH shall be only severally liable for damages other than Plaintiff's past and

future medical and medically related expenses, pursuant to 735 ILCS 5/2-1117, which provides as follows:

> (from Ch. 110, par. 2-1117)   Except as provided in Section 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants except the plaintiff's employer, shall be jointly and severally liable for all other damages.

(735 ILCS 5/2-1117)

WHEREFORE, Defendant, HARJEET SINGH, by and through his attorneys, Sudekum Cassidy & Shulruff, Chtd., denies that Plaintiff is entitled to judgment in any amount whatsoever and prays that this Court enter judgment in his favor and against Plaintiff along with the costs of this action and to the extent that HARJEET SINGH is found liable, HARJEET SINGH shall be only severally liable for damages other than Plaintiff's past and future medical and medically related expenses.

Respectfully Submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By:     /s/: George M. Velcich
        Attorneys for Defendant

George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, IL 60602
Phone: (312) 803-6250
E-Mail: gmv@scslegal.com
Firm I.D. 38809

4

# EXHIBIT D-37

**FILED**
**2/22/2022 3:52 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent | ) | |
| Administrator of the Estate of ROBERT A. | ) | |
| GRABNIK, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. No.  21 L 00000780 |
| | ) | |
| HARJEET SINGH, AKAL TRANSIT, LLC | ) | |
| PEPSI LOGISTICS COMPANY, INC., | ) | |
| OCEAN SPRAY INTERNATIONAL, INC. | ) | |
| and THE KROGER CO. | ) | |
| | ) | |
| Defendants, | ) | |

## NOTICE OF FILING

To:     George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
gmv@scslegal.com
kn@scslegal.com
[Attorneys for Harjeet Singh and Akal Transit, LLC]

PLEASE TAKE NOTICE that on February 22, 2022, we electronically filed with the Clerk

of the Circuit Court of Cook County, Illinois, **Plaintiff's Answer to Defendants, HARJEET**

**SINGH and AKAL TRANSIT, LLC, Affirmative Defenses to Plaintiff's Second Amended**

**Complaint at Law,** a copy of which is attached hereto and served upon you herewith.

**Taxman, Pollock, Murray & Bekkerman, LLC**

By: /s/    Sean P. Murray

Sean P. Murray- ARDC #6275575
Bradley N. Pollock ARDC #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on February 22, 2022 the following document was served by electronically filing and by emailing a copy to each party to whom it is directed.

_____ Christine M. Kinnerk _____

# EXHIBIT D-38

**FILED**
**2/22/2022 3:52 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SANDRA GRABNIK, as Independent )
Administrator of the Estate of ROBERT A. )
GRABNIK, Deceased, )
                       )
      Plaintiff, )
                       )
      v. )      No. No.  21 L 00000780
                       )
HARJEET SINGH, AKAL TRANSIT, LLC )
PEPSI LOGISTICS COMPANY, INC., )
OCEAN SPRAY INTERNATIONAL, INC. )
and THE KROGER CO. )
                       )
      Defendants, )

### PLAINTIFF'S REPLY TO DEFENDANT. HARJEET SINGH'S AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

Now comes the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC and for her reply to the Amended Affirmative Defenses asserted by Defendant, HARJEET SINGH in response to Plaintiff's Second Amended Complaint at Law, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff admits the allegations contained in paragraph 1.

2.    Plaintiff admits those duties imposed by law and denies the remaining allegations.

3.    Plaintiff denies each and every allegation contained in Paragraph 3 of Defendant's First Affirmative Defense, inclusive of sub-allegations (a) through (f).

4.    Plaintiff denies the allegations contained in paragraph 4.

5.    Plaintiff denies the allegations contained in paragraph 5.

WHEREFORE, the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, respectfully requests Defendant, HARJEET SINGH'S First Affirmative Defenses to Plaintiff's Second Amended Complaint at Law be denied.

## SECOND AFFIRMATIVE DEFENSE

1.     Plaintiff admits the allegations contained in paragraph 1.

2.     Plaintiff admits those duties imposed by law and denies the remaining allegations.

3.     Plaintiff denies each and every allegation contained in Paragraph 3 of Defendant's

Second Affirmative Defense, inclusive of sub-allegations (a) through (f).

4.     Plaintiff denies the allegations contained in paragraph 4.

5.     Plaintiff denies the allegations contained in paragraph 5

WHEREFORE, the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the

Estate of ROBERT A. GRABNIK, Deceased, respectfully requests Defendant, HARJEET SINGH'S

Second Affirmative Defenses to Plaintiff's Second Amended Complaint at Law be denied.

By:      /s/   Sean P. Murray
                One of the Attorneys for the Plaintiff

Sean P. Murray- ARDC #6275575
Bradley N. Pollock ARDC #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

# EXHIBIT D-39

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake_____ COUNTY | SUMMONS | *For Court Use Only* |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Ind. Admin of Est. of Grabnik_____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | Harjeet Singh and Akal Transit LLC et al._____<br>**Defendant / Respondent** *(First, middle, last name)* | 21 L 780_____<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |
|---|---|---|

1. **Defendant/Respondent's address and service information:**
   a. Defendant/Respondent's primary address/information for service:
   Name *(First, Middle, Last)*:   Ocean Spray International Inc., c/o Reg. Agent
   Registered Agent's name, if any:   Joseph L. Harrington III RA
   Street Address, Unit #:   14 Heritage TRL
   City, State, ZIP:   Scituate, MA 02066
   Telephone:  (781) 272-2684_____   Email: _____

   In **1b**, enter a second address for Defendant/ Respondent, if you have one.

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
   Name *(First, Middle, Last)*: _____
   Street Address, Unit #: _____
   City, State, ZIP: _____
   Telephone: _____   Email: _____

   In **1c**, check how you are sending your documents to Defendant/ Respondent.

   c. Method of service on Defendant/Respondent:
   ☐ Sheriff     ☐ Sheriff outside Illinois: _____
   *County & State*
   ☑ Special process server     ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk: 21 L 780

| In **2**, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
| | | Amount claimed: $ 50,000.00 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:** |

**3.** **Contact information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last):*   TPMB LLC - Sean P. Murray
Street Address, Unit #:   225 West Wacker Drive, Suite 1650
City, State, ZIP:   Chicago, Illinois 60606
Telephone:   (312) 586-1700          Email:   smurray@tpmblegal.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons.* To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |

**4.** **Instructions for person receiving this *Summons* (Defendant):**

[☑] a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:
Address:   Lake County Court House 18 N. County Street
City, State, ZIP:   Waukegan, Il 60085

[ ] b.  Attend court:
On: _____ at _____ [ ] a.m. [ ] p.m. in _____
*Date*                          *Time*                                   *Courtroom*
**In-person at:**

_____
*Courthouse Address          City                          State          ZIP*
OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):
By telephone: _____
*Call-in number for telephone remote appearance*
By video conference: _____
*Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
*Circuit Clerk's phone number*
at: _____ to find out more about how to do this.
*Website*

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. |

| **STOP!** The Circuit Clerk will fill in this section. | Witness this Date: 3/14/2022 |
| | *[signature]* |
| | Clerk of the Court: _____ BC |
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.** |
| | Date of Service: _____ |
| | *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake_____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Ind. Admin of Est. of Grabnik<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.<br><br>Harjeet Singh and Akal Transit LLC et al.<br>**Defendant / Respondent** *(First, middle, last name)* | 21 L 780<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
       *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
        Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____
        And left it with: _____
                       *First, Middle, Last*
        Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
        and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

    ☐ On the Corporation's agent, _____
                       *First, Middle, Last*
        Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address: _____
        City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 21 L 780

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

By: _____

*Signature by:* ☐ Sheriff
         ☐ Sheriff outside Illinois:

_____
*County and State*
☐ Special process server
☐ Licensed private detective

**FEES**
Service and Return: $ _____
Miles: $ _____
Total $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT D-40

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | For Court Use Only |
|---|---|---|
| Lake_____ COUNTY | | |

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Ind. Admin of Est. of Grabnik<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/ Respondents. | Harjeet Singh and Akal Transit LLC et al.<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

21 L 780
**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:**<br>a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: Pepsi Logistics Company Inc.  c/o Reg. Agent<br>Registered Agent's name, if any: Philip A Marineau RA<br>Street Address, Unit #: 2224 Sacramento St,<br>City, State, ZIP: San Francisco CA 94115<br>Telephone: _____ Email: _____ |
|---|---|
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: Pepsi Logistics Company Inc.  c/o Reg. Agent<br>Name *(First, Middle, Last)*: Philip A Marineau RA<br>Street Address, Unit #: 1090 Chestnut St, Unit 6,<br>City, State, ZIP: San Francisco, CA 94109<br>Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent:<br>☐ Sheriff    ☐ Sheriff outside Illinois: _____<br>*County & State*<br>☑ Special process server    ☐ Licensed private detective |

<table>
<tr><td>

In **2**, enter the amount of money owed to you.

In **3**, enter your complete address, telephone number, and email address, if you have one.

</td><td>

**2.** **Information about the lawsuit:**
Amount claimed:  $ 50,000.00

**3.** **Contact information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last):*  TPMB LLC - Sean P. Murray
Street Address, Unit #:  225 West Wacker Drive, Suite 1650
City, State, ZIP:  Chicago, Illinois 60606
Telephone:  (312) 586-1700         Email:  smurray@tpmblegal.com

</td></tr>
</table>

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

<table>
<tr><td>

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

In **4b**, fill out:
• The court date and time the clerk gave you.
• The courtroom and address of the court building.
• The call-in or video information for remote appearances (if applicable).
• The clerk's phone number and website. All of this information is available from the Circuit Clerk.

</td><td>

**4.** **Instructions for person receiving this** *Summons (Defendant)***:**

☑ a.   To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:
Address:  Lake County Court House 18 N. County Street
City, State, ZIP:  Waukegan, Il 60085

☐ b.   Attend court:
On: _____ at _____ ☐ a.m. ☐ p.m. in _____
      *Date*                        *Time*                                          *Courtroom*
**In-person at:**

_____
*Courthouse Address*          *City*                    *State*      *ZIP*
OR
**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**
      By telephone: _____
                            *Call-in number for telephone remote appearance*
      By video conference: _____
                                  *Video conference website*
      _____
      *Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                                  *Circuit Clerk's phone number*
at: _____ to find out more about how to do this.
      *Website*

</td></tr>
</table>

<table>
<tr><td>

**STOP!**
The Circuit Clerk will fill in this section.

**STOP!**
The officer or process server will fill in the Date of Service.

</td><td>

                                    3/14/2022
**Witness this Date:** _____

**Clerk of the Court:** Erin Cartwright Weinstein

**This** *Summons* **must be served within 30 days of the witness date.**
                                                                              BC
**Date of Service:** _____
      *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

</td></tr>
</table>

Case: 1:22-cv-02985 Document #: 1-4 Filed: 06/07/22 Page 216 of 275 PageID #:261

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Ind. Admin of Est. of Grabnik<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>Harjeet Singh and Akal Transit LLC et al.<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 21 L 780 _____<br>**Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
       *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:

        Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____

        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

        Address, Unit#: _____

        City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family

        member or lives there:

        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

        Address, Unit#: _____

        City, State, ZIP: _____

        And left it with: _____
                    *First, Middle, Last*

        Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____

        and by sending a copy to this defendant in a postage-paid, sealed envelope to the

        above address on _____ , 20 _____ .

    ☐ On the Corporation's agent, _____
                        *First, Middle, Last*

        Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____

        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

        Address: _____

        City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. |
| --- |

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
| --- |

**By:**

_____
*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____    $ _____
Total               $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT D-41

**FILED**
**3/23/2022 4:38 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. No. 21 L 00000780 |
| HARJEET SINGH, AKAL TRANSIT, LLC PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO. | ) ) ) ) ) | |
| Defendants, | ) ) | |

## NOTICE OF FILING

TO:   George M. Velcich
      SUDEKUM, CASSIDY & SHULRUFF, CHTD
      20 North Clark Street, Suite 2450
      Chicago, Illinois 60602
      gmv@scslegal.com
      kn@scslegal.com
[Attorneys for Harjeet Singh and Akal Transit, LLC]

**PLEASE TAKE NOTICE** that on March 23, 2022, we electronically filed with the Clerk of Circuit Court of the Circuit Court of Cook County, Illinois, **Plaintiff's Certificate of Service of the following documents:**

- Plaintiff's Answers to Defendants Interrogatories;
- Plaintiff's Answer to Defendants Rule 214 Request to Produce; and
- Plaintiff's Answers to Defendants Rule 213(f) Interrogatories.

in the above captioned matter, a copy of which is served upon the above listed address by emailing from at 225 West Wacker Drive, Chicago, Illinois 60606.

By: **Taxman, Pollock, Murray & Bekkerman, LLC**

By: _____ Sean P. Murray _____

Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
smurray@tpmblegal.com
bpollock@tpmblegal.com

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on March 23, 2022, the following document was served by emailing a copy to each party to whom it is directed.

                                            Christine M. Kinnerk

# EXHIBIT D-42

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | *For Court Use Only* |
|---|---|---|
| Lake COUNTY | | |

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Ind. Admin of Est. of Grabnik<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>Harjeet Singh and Akal Transit LLC et al.<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | |

21 L 780
**Case Number**

☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |
|---|---|---|
| | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last):*  Ocean Spray International Inc.,<br>Registered Agent's name, if any:  The Corporation Trust Center<br>Street Address, Unit #:  1209 Orange Street<br>City, State, ZIP:  Wilmington, DE 19801<br>Telephone:  302-658-7581   Email: |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last):* _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____   Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. | Method of service on Defendant/Respondent:<br>☐ Sheriff     ☐ Sheriff outside Illinois: _____<br>*County & State*<br>☑ Special process server     ☐ Licensed private detective |

Enter the Case Number given by the Circuit Clerk: 21 L 780

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:** Amount claimed: $ 50,000.00 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:** Name *(First, Middle, Last)*: TPMB LLC - Sean P. Murray Street Address, Unit #: 225 West Wacker Drive, Suite 1650 City, State, ZIP: Chicago, Illinois 60606 Telephone: (312) 586-1700    Email: smurray@tpmblegal.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):** ☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at: Address:  Lake County Court House 18 N. County Street City, State, ZIP:  Waukegan, Il 60085 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. Attend court: On: _____ at _____ ☐ a.m. ☐ p.m. in _____ *Date*    *Time*    *Courtroom* In-person at: _____ *Courthouse Address*   *City*    *State*    *ZIP* |
| In **4b**, fill out: • The court date and time the clerk gave you. • The courtroom and address of the court building. • The call-in or video information for remote appearances (if applicable). • The clerk's phone number and website. All of this information is available from the Circuit Clerk. | OR **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): By telephone: _____ *Call-in number for telephone remote appearance* By video conference: _____ *Video conference website* _____ *Video conference log-in information (meeting ID, password, etc.)* Call the Circuit Clerk at: _____ or visit their website *Circuit Clerk's phone number* at: _____ to find out more about how to do this. *Website* |
| **STOP!** The Circuit Clerk will fill in this section. **STOP!** The officer or process server will fill in the Date of Service. | Witness this Date: 4/22/2022 Clerk of the Court: *Erin Cartwright Weinstein* *Seal of Court* **This *Summons* must be served within 30 days of the witness date.** Date of Service: _____ *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Sandra Grabnik as Ind. Admin of Est. of Grabnik<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>Harjeet Singh and Akal Transit LLC et al.<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☑ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

For Court Use Only section:

21 L 780
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
      *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____
  And left it with: _____
          *First, Middle, Last*
  Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
          *First, Middle, Last*
  Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 21 L 780

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

**FEES**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

*Signature by:*    ☐ Sheriff
                   ☐ Sheriff outside Illinois:

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

Service and Return: $ _____
Miles _____    $ _____
Total                $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT D-43

**FILED**
**5/10/2022 10:06 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

99617/Appearance/JMA/lc

THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS - LAW DIVISION

| | |
|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased,    )<br><br>Plaintiff,    )<br><br>vs.    )<br><br>HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC., and THE KROGER CO.    )<br><br>Defendants.    ) | No. 21 L 00000780 |

## <u>APPEARANCE</u>

The undersigned, as attorney, enters an appearance on behalf of the Defendant, THE KROGER CO.

/s/ *Juan M. Anderson*
_____
KOPKA PINKUS DOLIN PC

Juan M. Anderson, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street
Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jmanderson@kopkalaw.com
Attorney No. 6307615

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the court to be in default for failure to plead.

/s/ *Juan M. Anderson*
_____
Attorney for Defendant

# EXHIBIT D-44

**FILED**
**5/10/2022 10:06 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

99617/Jury Demand/JMA/lc

THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS - LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21 L 00000780 |
| | ) | |
| HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC., and THE KROGER CO. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

The defendant, THE KROGER CO., demands a jury for trial of said cause.

By: /s/ *Juan M. Anderson* _____

                        Juan M. Anderson
                        Attorney for Defendant

Juan M. Anderson, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street
Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jmanderson@kopkalaw.com
Attorney No. 6307615

# EXHIBIT D-45

FILED
5/10/2022 10:06 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

99617/Jury Demand/JMA/lc

THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS - LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | No. 21 L 00000780 |
| HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC., and THE KROGER CO. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**JURY DEMAND**

The defendant, THE KROGER CO., demands a jury for trial of said cause.

By: /s/ *Juan M. Anderson*

Juan M. Anderson
Attorney for Defendant

Juan M. Anderson, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street
Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jmanderson@kopkalaw.com
Attorney No. 6307615

# EXHIBIT D-46

FILED
5/10/2022 10:06 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

99617/Nof..01-app.jury/JMA/lc

THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS - LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 21 L 00000780 |
| HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC., and THE KROGER CO. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF FILING

TO:    Sean P. Murray, Esq.
        Bradley N. Pollock, Esq.
        Taxman, Pollock, Murray & Bekkerman, LLC
        225 W. Wacker Drive, Suite 1650
        Chicago, IL 60606
        smurray@tpmblegal.com
        bpollock@tpmblegal.com

    PLEASE BE ADVISED that on   May 10  , 2022, we filed with the clerk of the court of Lake County, Illinois, Defendant The Kroger Co.'s Appearance and Jury Demand, copies of which are attached hereto and hereby served upon you.

/s/ *Juan M. Anderson*

## CERTIFICATE OF SERVICE

    I, the undersigned, under penalty of perjury certify that on this 10th day of May, 2022, I served the above-captioned party by emailing and/or mailing a copy of the above-mentioned pleading and/or notice to the listed parties and/or depositing same in the United States mail at 200 W. Adams Street, Chicago, Illinois at or before 5:00 p.m., with proper postage prepaid.

/s/ *Leticia Corona*

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Juan M. Anderson, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street
Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jmanderson@kopkalaw.com
Attorney No. 6307615

# EXHIBIT D-47

**FILED**
**5/12/2022 4:35 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

|  |  |
|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO.,<br><br>        Defendants. | Case No. 21 L 00000780 |

## APPEARANCE

Michael D. Reed enters his appearance on behalf of Defendant Pepsi Logistics Company, Inc.

Dated: May 12, 2022              Respectfully submitted,

                                **SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**

                                By:   /s/*Michael D. Reed*_____
                                     Attorney for Defendant Pepsi Logistics
                                     Company, Inc.

Michael D. Reed (ARDC No. 6313795)
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL  60603
312-255-7200 (main)
312-422-1224 (fax)
mreed@scopelitis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2022, the Appearance of Michael D. Reed on behalf of Defendant Pepsi Logistics Company, Inc., was filed electronically with Notice being sent to all attorneys of record by the Court's eFileIL electronic filing system, and being served via email to the following:

Sean P. Murray
Bradley N. Pollock
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
smurray@tpmblegal.com
bpollock@tpmblegal.com


*/s/ Michael D. Reed*

# Exhibit D-48

**FILED**
**5/24/2022 1:06 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

99617/Answer to 2nd Amended Complaint/JMA

THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS - LAW DIVISION

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 21 L 00000780 |
| HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC., and THE KROGER CO. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT THE KROGER CO.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

Now comes the defendant, THE KROGER CO., (hereinafter "Kroger") by and through its attorneys, JUAN M. ANDERSON and KOPKA PINKUS DOLIN PC, and for its Answer and Affirmative Defenses to Plaintiff's *Second Amended Complaint at Law*, states as follows:

### COUNT I
### Grabnik v. Harjeet Singh
### (Negligence - Survival Act)

Defendant, THE KROGER CO., makes no response to Count I as the allegations therein are not directed against this Defendant.

### COUNT II
### Grabnik v. Harjeet Singh
### (Negligence - Wrongful Death)

Defendant, THE KROGER CO., makes no response to Count II as the allegations therein are not directed against this Defendant.

**COUNT III**
**Grabnik v. Akal Transit, LLC**
**(Agency - Survival Act)**

Defendant, THE KROGER CO., makes no response to Count III as the allegations therein are not directed against this Defendant.

**COUNT IV**
**Grabnik v. Akal Transit, LLC**
**(Agency - Wrongful Death)**

Defendant, THE KROGER CO., makes no response to Count IV as the allegations therein are not directed against this Defendant.

**COUNT V**
**Grabnik v. Pepsi Logistics Company, Inc.**
**(Agency - Survival Act)**

Defendant, THE KROGER CO., makes no response to Count V as the allegations therein are not directed against this Defendant.

**COUNT VI**
**Grabnik v. Pepsi Logistics Company, Inc.**
**(Agency - Wrongful Death)**

Defendant, THE KROGER CO., makes no response to Count VI as the allegations therein are not directed against this Defendant.

**COUNT VII**
**Grabnik v. Ocean Spray International, Inc.**
**(Agency - Survival Act)**

Defendant, THE KROGER CO., makes no response to Count VII as the allegations therein are not directed against this Defendant.

**COUNT VIII**
**Grabnik v. Ocean Spray  International, Inc.**
**(Agency - Wrongful Death)**

Defendant, THE KROGER CO., makes no response to Count VIII as the allegations therein are not directed against this Defendant.

## COUNT IX
### Grabnik v. The Kroger Co.
**(Agency - Survival Act)**

1.     The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

**ANSWER**:     **Defendant Kroger admits only to the existence of 755 ILCS 5/27-6 the provisions of which speak for themselves.  The remaining allegations in Count IX, paragraph 1 are denied.**

2.     On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilboume Road, Zion, Illinois.

**ANSWER**:     **Defendant Kroger is without sufficient information to either admit or deny the allegations as set forth in paragraph 2, and as such, said allegations are denied.**

3.     On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor frailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

**ANSWER**:     **Defendant Kroger is without sufficient information to either admit or deny the allegations set forth in paragraph 3, and as such, said allegations are denied.**

4.     Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, THE KROGER CO.

**ANSWER**:    **Defendant Kroger did not own, operate, maintain, control and/or manage the semi-tractor allegedly operated by Defendant, Harjeet Singh and therefore, the allegations set forth in paragraph 4 are denied.**

5.    On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant THE KROGER CO. and in the furtherance of his work for THE KROGER CO.

**ANSWER**:    **Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh, and therefore, the allegations set forth in paragraph 5 are denied.**

6.    On September 6, 2021, Defendant THE KROGER CO. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

**ANSWER**:    **Defendant Kroger did not own, operate, maintain, control, manage or retain the right to control the semi-tractor allegedly operated by Defendant, Harjeet Singh and therefore, the allegations set forth in paragraph 6 are denied.**

7.    While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

**ANSWER**:    **The allegations contained in paragraph 7 call for legal conclusions regarding the issue of duty related to a party which was neither employed nor an agent of Defendant Kroger and therefore require no response under Illinois law.  To the extent a response is required, Defendant Kroger specifically denies the allegations set forth in paragraph 7.**

8.      At that time and place, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois when his vehicle was struck by the semi tractor-trailer operated by HARJEET SINGH.

**ANSWER**:      **Defendant Kroger is without sufficient information to either admit or deny the allegations set forth in paragraph 8, and as such, said allegations are denied.**

9.      At that time and place, Defendant, HARJEET SINGH, individually and as an agent, apparent agent, servant, or employee of THE KROGER CO., was then and there guilty of one or more of the following acts and/or omissions:

(a)      Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)      Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor/trailer;

(c)      Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK in violation of 625 ILCS 5/11705;

(d)      Failed to make a right turn as close to the curb as practical to the righthand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)      Failed to yield right-of-way when approaching an intersection in violation of 625 LCS 5/11-901;

(f)      Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)      Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

**ANSWER**: Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh, and therefore, the allegations set forth in paragraph 9 subparagraphs (a) through (g) inclusive, are not directed at this Defendant and are denied.

10. As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, THE KROGER CO., by and through their agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

**ANSWER**: Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh, and therefore, the allegations set forth in paragraph 9 subparagraphs (a) through (g) inclusive, are not directed at this Defendant and are denied. Further answering, the allegations asserted in paragraph 10 call for legal conclusions regarding the issues of causation and proximate cause and therefore require no response under Illinois law. To the extent a response is required, Defendant Kroger specifically denies the allegations set forth in paragraph 10.

11. One or more of these acts and/or omissions of defendant, THE KROGER CO. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

**ANSWER**: Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh, and therefore, the allegations set forth in paragraph 11 are not directed at this Defendant and are denied. Further answering, the allegations

6

**asserted in paragraph 11 call for legal conclusions regarding the issues of causation and proximate cause and therefore require no response under Illinois law. To the extent a response is required, Defendant Kroger specifically denies the allegations set forth in paragraph 11.**

12. The Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6 known as the Illinois Survival Statute.

**ANSWER: Defendant Kroger admits only to the existence of 755 ILCS 5/27-6 the provisions of which speak for themselves. The remaining allegations in Count IX, paragraph 12 are denied.**

WHEREFORE, Defendant THE KROGER CO., demands that Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, take nothing by way of her *Second Amended Complaint.*

## COUNT X
### Grabnik v. The Kroger Co.
### (Agency - Wrongful Death)

1. On September 6, 2021, Plaintiff, ROBERT A. GRABNIK, was operating his 2007 Yamaha Majesty Scooter bearing VIN JYASH03Y87A007264 westbound on Russell Road, at or near Kilbourne Road, Zion, Illinois.

**ANSWER: Defendant Kroger is without sufficient information to either admit or deny the allegations as set forth in Count X, paragraph 1, and as such, said allegations are denied.**

2.      On September 6, 2021, Defendant HARJEET SINGH was operating a Freightliner semi-tractor trailer truck, Plate No. Wisconsin 791095 and was attempting to make a right turn from southbound Kilbourne Road onto Russell Road, in, Zion, Illinois.

**ANSWER**:    **Defendant Kroger is without sufficient information to either admit or deny the allegations set forth in Count X, paragraph 2, and as such, said allegations are denied.**

3.      Based on information and belief, on September 6, 2021, and at all times relevant to this claim, the semi tractor-trailer operated by Defendant, HARJEET SINGH, was owned, operated, maintained, controlled, and/or managed by Defendant, THE KROGER CO.

**ANSWER**:    **Defendant Kroger did not own, operate, maintain, control and/or manage the semi-tractor allegedly operated by Defendant, Harjeet Singh and therefore, the allegations set forth in paragraph 3 are denied.**

4.      On September 6, 2021, Defendant, HARJEET SINGH, was operating the semi tractor-trailer as an agent, apparent agent, employee, contractor, or servant of Defendant THE KROGER CO. and in the furtherance of his work for THE KROGER CO.

**ANSWER**:    **Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh, and therefore, the allegations set forth in paragraph 4 are denied.**

5.      On September 6, 2021, Defendant THE KROGER CO. owned, operated, managed, maintained and or controlled, or retained the right to control the semi tractor-trailer being operated by Defendant HARJEET SINGH.

**ANSWER**:    **Defendant Kroger did not own, operate, maintain, control, manage or retain the right to control the semi-tractor allegedly operated by Defendant, Harjeet Singh and therefore, the allegations set forth in paragraph 5 are denied.**

6.      While driving the semi tractor-trailer, Defendant, HARJEET SINGH, owed a duty of reasonable care in the operation of that semi tractor-trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the vehicle in which ROBERT A. GRABNIK was operating.

**ANSWER**:     **The allegations contained in paragraph 6 call for legal conclusions regarding the issue of duty related to a party which was neither employed nor an agent of Defendant Kroger and therefore require no response under Illinois law.  To the extent a response is required, Defendant Kroger specifically denies the allegations set forth in paragraph 6.**

7.      At that time and place, Defendant, THE KROGER CO., by and through its agent, apparent agent, employee, or servant, HARJEET SNGH, was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer defendant HARJEET SINGH was driving;

(b)     Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ROBERT A. GRABNIK, while driving the tractor/trailer;

(c)     Failed to sound the horn while driving the tractor-trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ROBERT A. GRABNIK, in violation of 625 ILCS 5/11705;

(d)     Failed to make a right turn as close to the curb as practical to the righthand curb or edge of the roadway, in violation of 625 ILCS 5/11-801;

(e)     Failed to yield right-of-way when approaching an intersection in violation of 625 LCS 5/11-901;

(f)     Failed to stop immediately at the scene of the collision after being involved in an accident involving personal injury or death in violation of 625 ILCS 5/11-401;

OR

(g)     Failed to render aid to ROBERT GRABNIK following the accident in violation of 625 ILCS 5/11-403.

**ANSWER**: **Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh, and therefore, the allegations set forth in paragraph 7 subparagraphs (a) through (g) inclusive, are not directed at this Defendant and are denied.**

8. One or more of these acts and/or omissions of Defendant, THE KROGER CO. by and through its agent, apparent agent, employee, or servant HARJEET SINGH, was a proximate cause of the contact between HARJEET SINGH's semi tractor-trailer and the motorcycle in which ROBERT A. GRABNIK was operating.

**ANSWER**: **Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh, and therefore, the allegations set forth in paragraph 8 are not directed at this Defendant and are denied. Further answering, the allegations asserted in paragraph 8 call for legal conclusions regarding the issues of causation and proximate cause and therefore require no response under Illinois law. To the extent a response is required, Defendant Kroger specifically denies the allegations set forth in paragraph 8.**

9. As a direct and proximate result of one or more, or all, of the foregoing acts or omissions by Defendant, THE KROGER CO., by and through his agent and/or servant HARJEET SINGH, the decedent, ROBERT A. GRABNIK, suffered multiple fractures to ribs, left mandible, spine fractures causing paralysis, a displaced trachea, lacerations to head and chin when he was struck by the automobile being driven by Defendant, HARJEET SINGH all of which caused or contributed to his death.

**ANSWER**: **Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh, and therefore, the allegations set forth in paragraph 9 are not directed at this Defendant and are denied. Further answering, the allegations**

10

asserted in paragraph 9 call for legal conclusions regarding the issues of causation and proximate cause and therefore require no response under Illinois law. To the extent a response is required, Defendant Kroger specifically denies the allegations set forth in paragraph 9.

10. ROBERT A. GRABNIK left surviving the following heirs and next of kin:

(a) his adult daughter, Tara Niemi;

(b) his adult son, Tad Grabnik;

**ANSWER**: **Defendant Kroger is without sufficient information to either admit or deny the allegations set forth in Count X, paragraph 10, and as such, said allegations are denied.**

11. The foregoing heirs and next of kin have sustained substantial pecuniary loss and damages as a result of the death of ROBERT A. GRABNIK.

**ANSWER**: **Defendant Kroger is without sufficient information to either admit or deny the allegations set forth in Count X, paragraph 11, and as such, said allegations are denied.**

12. This cause of action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

**ANSWER**: **Defendant Kroger admits only to the existence of 740 ILCS 180/1 *et seq.* the provisions of which speak for themselves. The remaining allegations in Count X, paragraph 12 are denied.**

WHEREFORE, Defendant THE KROGER CO., demands that Plaintiff, SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, take nothing by way of her *Second Amended Complaint.*

11

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, THE KROGER CO., ("Kroger") by and through its attorneys, KOPKA PINKUS DOLIN, P.C., and without prejudice to Defendant's Answer to Plaintiffs Second Amended Complaint raise the following Affirmative Defenses:

A.      Defendant Kroger did not own, operate, maintain, control and/or manage the semi-tractor allegedly operated by Defendant, Harjeet Singh.

B.      Defendant Kroger did not employ, either directly or by way of any theory of agency, Defendant Harjeet Singh,

C.      Contributory Negligence of Plaintiff's Decedent, ROBERT A. GRABNIK:

In the alternative and without prejudice to its aforementioned answers to Plaintiffs Second Amended Complaint, Defendant Kroger alleges the following affirmative defense of contributory negligence against the Plaintiff's Decedent:

1.      Plaintiff's decedent's own negligence or fault was the sole proximate cause of this occurrence and of any injuries resulting therefrom.

2.      That at all relevant times alleged in the Plaintiff's *Second Amended Complaint*, Robert A. Grabnik, was under a duty to exercise ordinary care for himself.

3.      In violation of said duty, the Plaintiff's decedent was guilty of one or more of the following acts and/or omissions:

(a)      Failed to operate his vehicle is a safe and reasonable manner;

(b)      Failed to exercise ordinary care in the operation of his vehicle for his own safety and to avoid a collision;

(b)      Failed to obey or otherwise comply with, applicable traffic rules and regulations;

4.      As a direct and proximate result of one or more of the foregoing careless and negligent acts, the Plaintiff's decedent sustained the injuries complained of in the Plaintiff's *Second Amended Complaint*.

5.      The Plaintiff's decedent's own negligence was the sole proximate cause of his injuries and, thus, he is entitled to no recovery whatsoever.

6.      In the alternative, if the Plaintiff's decedent's own contributory negligence was greater than 50% of the proximate cause of his injuries and, thus, he is not entitled to any recovery whatsoever.

7.      In the second alternative, if the Plaintiff's decedent's own contributory negligence is not greater than 50% of the proximate cause of his injuries, the Plaintiffs award should be reduced in proportion to that degree of fault attributable to him.

WHEREFORE, Defendant, THE KROGER CO., by and through its attorneys, KOPKA PINKUS DOLIN, P.C., respectfully requests that if the Plaintiff's decedent is found to be the sole proximate cause of his injuries, he is entitled to no recovery whatsoever;

In the alternative, if Plaintiff's decedent's own contributory negligence was greater than 50% of the proximate cause of his injuries and, thus, he is not entitled to any recovery whatsoever and that judgment be entered against the Plaintiff in favor of this Defendant together with costs pursuant to Illinois Supreme Court Code of Civil Procedure 2-1 1 16; or,

In the second alternative, if the Plaintiff's decedent's own contributory negligence is not greater than 50% of the proximate cause of his injuries, the Plaintiff's award should be reduced proportionately pursuant to the Plaintiff's decedent's own fault which proximately caused the Plaintiff's injuries pursuant to Illinois Supreme Court Code of Civil Procedure 2-1116.

Respectfully submitted,

THE KROGER CO.

By: /s/ *Juan M. Anderson*
_____

        Juan M. Anderson, Esq.
        Attorney for Defendant

Juan M. Anderson, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street
Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jmanderson@kopkalaw.com
Attorney No. 6307615

# EXHIBIT D-49

**FILED**
**5/24/2022 1:06 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

99617/Nof..02-ans aff def/JMA/lc

THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS - LAW DIVISION

| | |
|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 21 L 00000780 ) |
| HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC., and THE KROGER CO. | ) ) ) ) ) ) |
| Defendants. | ) ) |

### NOTICE OF FILING

TO:  Sean P. Murray, Esq.
Bradley N. Pollock, Esq.
Taxman, Pollock, Murray & Bekkerman, LLC
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
smurray@tpmblegal.com
bpollock@tpmblegal.com
Christine Kinnerk ckinnerk@tpmblegal.com

PLEASE BE ADVISED that on ___May 24___, 2022, we filed with the clerk of the court of Lake County, Illinois, Defendant The Kroger Co.'s Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint at Law, a copy of which is attached hereto and hereby served upon you.

/s/ *Juan M. Anderson*

### CERTIFICATE OF SERVICE

I, the undersigned, under penalty of perjury certify that on this 24th day of May, 2022, I served the above-captioned party by emailing and/or mailing a copy of the above-mentioned pleading and/or notice to the listed parties and/or depositing same in the United States mail at 200 W. Adams Street, Chicago, Illinois at or before 5:00 p.m., with proper postage prepaid.

/s/ *Leticia Corona*

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Juan M. Anderson, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street
Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jmanderson@kopkalaw.com
Attorney No. 6307615

# EXHIBIT D-50

**FILED**
**5/25/2022 12:37 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. No. 21 L 00000780 |
| HARJEET SINGH, AKAL TRANSIT, LLC PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO. | ) ) ) ) ) | |
| Defendants, | ) ) | |

### ACKNOWLEDGMENT OF RECEIPT OF ALIAS SUMMONS AND SECOND AMENDED COMPLAINT AT LAW WAIVER OF SERVICE OF A SUMMONS, PURSUANT TO 735 ILCS 5/2-213

I declare, under penalty of perjury, that on May 23, 2022, I received a copy of the Alias Summons and the Second Amended Complaint at Law on behalf of Pepsi Logistics Co., Inc. (PLCI), in the above-captioned matter. I have reviewed all of the aforesaid documents and hereby waive service of the Alias Summons and Second Amended Complaint at Law in this matter, pursuant to 735 ILCS 5/2-213.

Name:     Thomas E. Schulte
              Michael Reed
              Scopelitis, Garvin, Light, Hanson & Feary, PC

Address:     30 West Monroe Street, Suite 1600, Chicago, Illinois 60603

Signature: _____

Date:   May 25, 2022_____

1

*Prepared by*:
Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
smurray@tpmblegal.com
bpollock@tpmblegal.com

# EXHIBIT D-51

**FILED**
**5/25/2022 12:37 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>HARJEET SINGH, AKAL TRANSIT, LLC PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO. )<br><br>Defendants, ) | No. No.  21 L 00000780 |

<u>**NOTICE OF FILING**</u>

TO:     All Counsel of Record ( See Attached Service List)

PLEASE TAKE NOTICE that on **May 25, 2022,** we have filed with the Clerk of the Circuit Court of Lake County, Illinois **Waiver of Service of Alias Summons and Second Amended Complaint at Law on behalf of Pepsi Logistics Co., Inc.,** in the above matter, a copy of which is attached hereto.

**By: Taxman, Pollock, Murray & Bekkerman, LLC**

By:  _____Sean P. Murray_____

**I.D. No: 6275575**
Sean P. Murray
Bradley N. Pollock
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

## PROOF OF SERVICE

The undersigned, non-attorney certifies that on May 25, 2022, a true and correct copy of the above document was filed with the Circuit Court of Lake County and was served by emailed on all counsel of record herein.

Christine M. Kinnerk

## SERVICE LIST

In Re: SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased vs. HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO 21 L 00000780 (Lake County)

George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
(312) 803-6250
gmv@scslegal.com
kn@scslegal.com
[Attorneys for Harjeet Singh and Akal Transit, LLC]

Thomas E. Schulte
Michael Reed
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, Illinois 60603
T: (312) 255-7200
D: (312) 255-7197
tschulte@scopelitis.com
mreed@scopelitis.com
lbarraza@scopelitis.com
[Attorneys for Pepsi Logistics Company, Inc]

Juan Anderson
KOPKA PINKUS DOLIN PC
200 West Adams, Suite 1200
Chicago, Illinois 60606
T: 312-782-9920
F: 312-782-9965
D-312-702-8523
jmanderson@kopkalaw.com
[Attorneys for Kroger]

Kimberlee Massin
Wade Shimer
BEST, VANDERLAAN & HARRINGTON
25 E. Washington Street, Suite 800
Chicago, Illinois 60602
T (312) 819-8062
F: (312) 819-8062
Martha Ramos (Assistant)
kmassin@bestfirm.com
mramos@bestfirm.com
wshimer@bestfirm.com
eservice@bestfirm.com
[Attorneys for Ocean Spray]

# EXHIBIT D-52

**FILED**
**5/25/2022 12:37 PM**
**ERIN CARTWRIGHT WEINSTEIN**
Clerk of the Circuit Court
Lake County, Illinois

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. No.  21 L 00000780 |
| HARJEET SINGH, AKAL TRANSIT, LLC PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO. | ) ) ) ) ) | |
| Defendants, | ) ) | |

## ACKNOWLEDGMENT OF RECEIPT OF ALIAS SUMMONS AND SECOND AMENDED COMPLAINT AT LAW WAIVER OF SERVICE OF A SUMMONS, PURSUANT TO 735 ILCS 5/2-213

I declare, under penalty of perjury, that on May 23, 2022, I received a copy of the Alias Summons and the Second Amended Complaint at Law on behalf of Pepsi Logistics Co., Inc. (PLCI), in the above-captioned matter. I have reviewed all of the aforesaid documents and hereby waive service of the Alias Summons and Second Amended Complaint at Law in this matter, pursuant to 735 ILCS 5/2-213.

Name:      Thomas E. Schulte
           Michael Reed
           Scopelitis, Garvin, Light, Hanson & Feary, PC

Address:      30 West Monroe Street, Suite 1600, Chicago, Illinois 60603

Signature: _____

Date:   May 25, 2022_____

1

*Prepared by*:
Sean P. Murray- ARDC #: 6275575
Bradley N. Pollock #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
smurray@tpmblegal.com
bpollock@tpmblegal.com

**FILED**
**5/25/2022 12:37 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. No.  21 L 00000780 |
| HARJEET SINGH, AKAL TRANSIT, LLC PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO. | ) ) ) ) ) | |
| Defendants, | ) ) | |

## NOTICE OF FILING

TO:    All Counsel of Record ( See Attached Service List)

PLEASE TAKE NOTICE that on **May 25, 2022,** we have filed with the Clerk of the Circuit Court of Lake County, Illinois **Waiver of Service of Alias Summons and Second Amended Complaint at Law on behalf of Pepsi Logistics Co., Inc.,** in the above matter, a copy of which is attached hereto.

**By: Taxman, Pollock, Murray & Bekkerman, LLC**

By:  _____    Sean P. Murray    _____

**I.D. No: 6275575**
Sean P. Murray
Bradley N. Pollock
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

## PROOF OF SERVICE

The undersigned, non-attorney certifies that on May 25, 2022, a true and correct copy of the above document was filed with the Circuit Court of Lake County and was served by emailed on all counsel of record herein.

Christine M. Kinnerk

## SERVICE LIST

In Re: SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A. GRABNIK, Deceased vs. HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO
21 L 00000780 (Lake County)

George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
(312) 803-6250
gmv@scslegal.com
kn@scslegal.com
[Attorneys for Harjeet Singh and Akal Transit, LLC]

Thomas E. Schulte
Michael Reed
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, Illinois 60603
T: (312) 255-7200
D: (312) 255-7197
tschulte@scopelitis.com
mreed@scopelitis.com
lbarraza@scopelitis.com
[Attorneys for Pepsi Logistics Company, Inc]

Juan Anderson
KOPKA PINKUS DOLIN PC
200 West Adams, Suite 1200
Chicago, Illinois 60606
T: 312-782-9920
F: 312-782-9965
D-312-702-8523
jmanderson@kopkalaw.com
[Attorneys for Kroger]

Kimberlee Massin
Wade Shimer
BEST, VANDERLAAN & HARRINGTON
25 E. Washington Street, Suite 800
Chicago, Illinois 60602
T (312) 819-8062
F: (312) 819-8062
Martha Ramos (Assistant)
kmassin@bestfirm.com
mramos@bestfirm.com
wshimer@bestfirm.com
eservice@bestfirm.com
[Attorneys for Ocean Spray]

# EXHIBIT D-53

**FILED**
**5/27/2022 2:24 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SANDRA GRABNIK, as Independent | ) | |
| Administrator of the Estate of ROBERT A. | ) | |
| GRABNIK, Deceased, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|      v. | ) | No. No. 21 L 00000780 |
| | ) | |
| HARJEET SINGH, AKAL TRANSIT, LLC | ) | |
| PEPSI LOGISTICS COMPANY, INC., | ) | |
| OCEAN SPRAY INTERNATIONAL, INC. | ) | |
| and THE KROGER CO. | ) | |
| | ) | |
|    Defendants, | ) | |

<u>**NOTICE OF FILING**</u>

To:    All Counsel of Record- Attached Service List

     PLEASE TAKE NOTICE that on May 27, 2022, we electronically filed with the Clerk of

the Circuit Court of Cook County, Illinois, <u>**Plaintiff's Answer to Defendants, The Kroger Co.,**</u>

<u>**Affirmative Defenses to Plaintiff's Second Amended Complaint at Law**</u>, a copy of which is

attached hereto and served upon you herewith.

                    **Taxman, Pollock, Murray & Bekkerman, LLC**

                    By: /s/ Sean P. Murray

Sean P. Murray- ARDC #6275575
Bradley N. Pollock ARDC #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com

<u>**CERTIFICATE OF SERVICE**</u>

     I, the undersigned, do hereby certify that on May 27, 2022. the following document was
served by electronically filing and by emailing a copy to each party to whom it is directed.

                    Christine M. Kinnerk

<u>**SERVICE LIST**</u>

In Re: SANDRA GRABNIK, as Independent Administrator of the Estate of ROBERT A.
GRABNIK, Deceased vs. HARJEET SINGH, AKAL TRANSIT, LLC, PEPSI LOGISTICS
COMPANY, INC., OCEAN SPRAY INTERNATIONAL, INC. and THE KROGER CO
21 L 00000780 (Lake County)

George M. Velcich
SUDEKUM, CASSIDY & SHULRUFF, CHTD
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
(312) 803-6250
gmv@scslegal.com
kn@scslegal.com
[Attorneys for Harjeet Singh and Akal Transit, LLC]

Thomas E. Schulte
Michael Reed
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, Illinois 60603
T: (312) 255-7200
D: (312) 255-7197
tschulte@scopelitis.com
mreed@scopelitis.com
lbarraza@scopelitis.com
[Attorneys for Pepsi Logistics Company, Inc]

Juan Anderson
KOPKA PINKUS DOLIN PC
200 West Adams, Suite 1200
Chicago, Illinois 60606
T: 312-782-9920
F: 312-782-9965
D-312-702-8523
jmanderson@kopkalaw.com
[Attorneys for Kroger]

Kimberlee Massin
Wade Shimer
BEST, VANDERLAAN & HARRINGTON
25 E. Washington Street, Suite 800
Chicago, Illinois 60602
T (312) 819-8062
F: (312) 819-8062
Martha Ramos (Assistant)
kmassin@bestfirm.com
mramos@bestfirm.com
wshimer@bestfirm.com

eservice@bestfirm.com
[Attorneys for Ocean Spray]

# EXHIBIT D-54

FILED
5/27/2022 2:24 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

**THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

SANDRA GRABNIK, as Independent )
Administrator of the Estate of ROBERT A. )
GRABNIK, Deceased, )
                                    )
      Plaintiff, )
                                    )
      v. )          No. No.  21 L 00000780
                                    )
HARJEET SINGH, AKAL TRANSIT, LLC )
PEPSI LOGISTICS COMPANY, INC., )
OCEAN SPRAY INTERNATIONAL, INC. )
and THE KROGER CO. )
                                    )
      Defendants, )

<u>**PLAINTIFF'S REPLY TO DEFENDANT. THE KROGER CO.,**</u>
<u>**AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S**</u>
<u>**SECOND AMENDED COMPLAINT AT LAW**</u>

Now comes the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the

Estate of ROBERT A. GRABNIK, Deceased, by and through her attorneys, TAXMAN,

POLLOCK, MURRAY & BEKKERMAN, LLC and for her reply to the Amended Affirmative

Defenses asserted by Defendant, THE KROGER CO., in response to Plaintiff's Second Amended

Complaint at Law, states as follows:

<u>**AFFIRMATIVE DEFENSES**</u>
<u>**A-C**</u>

A.     Plaintiff denies the allegations.

B.     Plaintiff denies the allegations.

C.     Plaintiff denies the allegations.

<u>**AFFIRMATIVE DEFENSES**</u>
<u>**1-7**</u>

1.     Plaintiff denies the allegations.

2.     Plaintiff neither admits nor denies as said allegations is a conclusion of law

requiring no response.

3.     Plaintiff denies the allegations contained in Paragraph 3, inclusive of sub-

allegations (a), (b) and (b).

4.      Plaintiff denies the allegations.

5.      Plaintiff denies the allegations.

6.      Plaintiff denies the allegations.

7.      Plaintiff denies the allegations.

WHEREFORE, the Plaintiff, SANDRA GRABNIK, as Independent Administrator of the

Estate of ROBERT A. GRABNIK, Deceased, respectfully requests Defendant, THE KROGER CO.,

Affirmative Defenses to Plaintiff's Second Amended Complaint at Law be denied.


By: _____/s/   Sean P. Murray_____
One of the Attorneys for the Plaintiff


Sean P. Murray- ARDC #6275575
Bradley N. Pollock ARDC #6230059
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
smurray@tpmblegal.com
bpollock@tpmblegal.com